LACEY, Respondent, v. LACEY, Appellant.*

*No. 155. Argued November 26, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 80.)

---

* Motion for rehearing denied, with costs, on April 2, 1974.

For the appellant there were briefs by *Barsness Law Offices,* attorneys, and *John G. Barsness* of counsel, all of Madison, and oral argument by *John G. Barsness.*

For the respondent there was a brief and oral argument by *David C. Pappas* of Madison.

HANLEY, J.   Three issues are presented on this appeal.

1.   Did the trial court err in determining the value of the wife's separate estate pursuant to sec. 247.26, Stats.?

2.   Was the trial court's award to the plaintiff of 50 percent of the marital estate so excessive as to constitute an abuse of discretion?

3.   Did the trial court abuse its discretion in not requesting additional testimony relative to a property division between the parties following the reversal and remand of this case?

*Value of separate estate.*

The plaintiff wife entered into a land contract for the purchase of the residence at 214 North Fifth Street in Stoughton, Wisconsin (hereinafter Fifth Street house) in 1957. The total purchase price was $12,500. The plaintiff borrowed the $3,000 down payment from her

father and the remainder was to be paid off in monthly installments of $100 per month. The monthly payments were made by the plaintiff up to the time of her marriage in August, 1961. After the marriage, the earnings of both the plaintiff and defendant were "pooled" in a joint checking account from which the monthly payments were made until July, 1963.

In July, 1963, the parties entered into a financial arrangement so as to finance a four-family apartment building to be built on the remainder of the Fifth Street property. A construction loan of $41,000 was obtained and financed by an $11,000 mortgage on the Fifth Street house with $5,000 used to pay off the balance outstanding on the land contract and the remaining $6,000 to help finance the apartment building.

In making the final division of the property of the parties, the trial court awarded the $7,525 equity existing in the Fifth Street house in July, 1963, to the plaintiff. By awarding the wife the $7,525 equity as of July, 1963, the trial court awarded to the plaintiff as part of her separate estate the equity which resulted from the payment on the land contract from "pooled" funds for the first twenty-three months of the marriage. This would amount to $2,300. It is this inflation in the value of the equity in the Fifth Street house which was awarded to the wife that the defendant claims constitutes error.

The law is well settled in Wisconsin that before the court can determine the value of the marital estate of the parties involved, the court must determine the value of the property possessed by the wife "before the marriage or acquired solely by her efforts." *Lacey v. Lacey* (1969), 45 Wis. 2d 378, 384, 173 N. W. 2d 142. This is done by returning to the wife the value of the property owned by her before the marriage or acquired by the capital contributions made by her during the marriage.

*Wagner v. Wagner* (1961), 14 Wis. 2d 23, 109 N. W. 2d 507. The applicability of the general rule concerning the return to the wife of capital contributions made by the wife during the marriage has, however, been somewhat limited such that if a capital contribution cannot be traced directly to an asset on hand at the time of the property division—*i.e.,* if the payments were made from "pooled" funds—said contribution cannot be included in her separate estate. *Van Erem v. Van Erem* (1961), 14 Wis. 2d 611, 111 N. W. 2d 440.

In the instant case we have no difficulty in determining that the value of the wife's equity in the land contract as of the date of the marriage—August, 1961—should be included in her separate estate. However, we are not equally able to hold that the equity in the Fifth Street house arising from payments made between August, 1961 and July, 1963, constitute capital contributions of the wife and thus are includable in her separate estate. These payments were made from "pooled" funds and as such are not directly traceable to an asset on hand as of the date of the property division. Thus, if we were compelled to apply the general rule as to capital contributions we would be required to hold that the trial court committed error in awarding to the plaintiff as part of her separate estate the equity arising from those payments made during the initial twenty-three months of the marriage.

We are, however, not so compelled. Rather, we rely upon the rationale of the court's decision in *Strandberg v. Strandberg* (1967), 33 Wis. 2d 204, 147 N. W. 2d 349 wherein the court included in the value of the wife's separate estate a home which had been originally owned by the wife prior to her marriage but upon which the husband had paid about $4,000 on the outstanding mortgage. The reason for which we included the $4,000 mortgage payment in the wife's separate estate was explained by Mr. Chief Justice HALLOWS:

"While the defendant's home and her other assets may be taken into consideration in making a division of property, we do not consider her home to be a part of the divisible estate of the husband or a part of her estate which was derived from the husband. To consider it as such would be to unduly penalize the wife. True, the plaintiff made mortgage payments in the amount of $4,000 . . . but, as the trial court found, it was the plaintiff's duty to provide housing accommodations, and the . . . mortgage payments made represent substantially the rental cost of such accommodations." *Id.* at page 208.

This rationale is similarly applicable to the instant case. The record discloses that the Laceys resided at 214 North Fifth Street during their marriage. The record likewise indicates that the above-described property was in the sole possession of Mrs. Jean Lacey prior to and during their marriage. Since, pursuant to sec. 247.08, Stats. 1969, the husband had the duty to provide support for his wife and children, and since the duty of support includes the providing of housing accommodations, it is clear that Mrs. Jean Lacey was fulfilling the obligations of her husband. Under such a situation we hold that since the monthly payments on the land contract of $100 approximated the rental cost of such accommodations, these payments should be attributed to Mrs. Lacey's separate estate.

Next, the defendant contends that the trial court erred in determining the value of equity in the Fifth Street property without reference to the tax liens outstanding against said property at the time of the marriage. We agree.

In the instant case the trial court determined that the value of the equity in the Fifth Street house includable in the wife's separate estate as being $7,525. The court, however, failed to deduct a two year arrearage in real estate taxes in the sum of $492 due and owing as of the time of the marriage on the property in question. This was error. A trial court is required to deduct the

outstanding liabilities against the wife's separate estate as it is required to do in determining the value of the marital estate.

In *Spheeris v. Spheeris* (1967), 37 Wis. 2d 497, 155 N. W. 2d 130 this court held that accrued real estate taxes in the sum of $2,500 should have been deducted prior to a determination of the marital estate. A similar deduction in the sum of $492 should have been made against the value of the wife's separate property in the instant action.

*Division of the marital estate.*

In *Lacey v. Lacey, supra,* we reversed the trial court's judgment insofar as it relates to the division of property and remanded the case with directions that the findings of fact be amended to include "A setting forth of all facts and factors which the trial court considered relevant, and in fact considered in reaching its decision as to the division of the property of the parties between them." *Id.* at page 387. Similarly in *Lacey* we went to great lengths to discuss many factors which we considered relevant in determining a fair and equitable basis for the division of the property of the parties. We in fact informed the trial court that this remand included the right of the trial court to take additional testimony as to the issue of the division of property so as to gather testimony necessary in determining an equitable division of property.

We have reviewed the record and have determined that the trial court neither took additional testimony nor entered detailed findings of fact as to its division of property of 50 percent of the estate to each party. In fact, the trial court limited its findings of fact generally to determining the valuation of the estate and that property which it considered to be the separate property of the wife.

The trial court concluded in its amended findings of fact ". . . that a fair and reasonable division of said

estate is 50 per cent to each of the parties." Prior to this finding the trial court found that the income of the plaintiff was $29,110 for the period 1960–1966. However, that income included $15,400 of social security and V. A. benefits received for the wife's two children of a previous marriage.

The trial court found that Mr. Lacey's income for the period of 1960–1966 was $31,454. This figure did not include certain fringe benefits received by Mr. Lacey. We cannot determine from the record to what extent the income of the parties influenced the trial court's finding of equal division of the marital estate.

As a result of the trial court's failure to set forth the factors upon which it reached its decision as to the division of estate this court would generally remand the case for further proceedings. *Shetney v. Shetney* (1970), 49 Wis. 2d 26, 181 N. W. 2d 516. However, in the instant action we are not so inclined. The parties to this action requested during oral argument that this court finally decide this case. We do not consider further trial court proceedings in the instant action justified. In *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898, this court adopted the rule that:

". . . when there is a failure to make a finding of fact, this court on appeal may adopt one of three courses: (1) Affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions."

While, as was previously stated, this court generally inclined to take the third alternative and remand the case for the making of additional findings, we shall not avail ourselves of said alternative in the instant action. Rather, we are of the opinion that the preponderance of the evidence in the instant action supports the trial court's judgment that the marital property be divided on a 50-50 basis.

In *Lacey v. Lacey, supra,* we discussed the factors relevant to the trial court's determination of the division of property. Applying such factors to the uncontroverted evidence in the instant action, it is our opinion that an equal division of the marital property was not an abuse of discretion.

The evidence reveals that the division of property in the instant action was in lieu of alimony. Likewise, there is a minor child whose daily support—though aided by a $60 per month child support payment—will fall upon the wife. While the parties are physically and financially able to support themselves, the responsibilities of the wife in contributing to both the financial and material needs of her minor children are heavy. Additional factors such as the length of the marriage and the cause of the divorce also weigh favorably in determining the equity of the property division. Thus we hold that the judgment of the trial court in dividing the marital estate is supported by the preponderance of the evidence and is thus affirmed.

The trial court's judgment must be modified by deducting $492 from the plaintiff's equity in the Fifth Street property. This reduces the wife's equity of contributions to $7,033. The total equities of all property is $11,577. Deducting the plaintiff's equity of $7,033 leaves $4,544 to be divided equally between the parties. Defendant is entitled to $2,272. He has been awarded the equity in the Hillside Street property which amounts to $1,143. Defendant is entitled to an additional sum of $1,129.[1] Therefore, the judgment is modified so as to award to the defendant an amount of $1,129 in excess of that awarded to him by the original judgment.

*Question of additional testimony on remand.*

This case was remanded to the trial court on January 9, 1970. The trial court then amended its judgment and

[1] Said sum consisting of the additional amount awarded in the amended judgment of $883, and an additional payment of $246.

filed additional findings of fact and order in conformity with this court's remand on November 25, 1970. The trial court in its findings stated that "Counsel having had an opportunity to produce additional testimony and counsel having failed to do so, this court makes its findings based upon the original record which the court believes to be adequate for that purpose." The trial court was not directed to take additional testimony but was authorized to do so if it elected to do so.

The nature of appellant's proffered testimony indicates that he was seeking an entire retrial of issues already determined by the trial court. The appellant sought leave to introduce testimony as to Mrs. Lacey's misconduct by alleging that she had been guilty of adultery. This defense should have been presented on the original trial in this action and under the circumstances, it was not an abuse of discretion by the trial court in not electing to receive additional evidence.

*By the Court.*—Judgment modified and, as modified, affirmed.