John BONNELL, Petitioner-Respondent-Petitioner,

v.

Betty BONNELL, Appellant-Cross-Petitioner.

Supreme Court

*No. 81–2063. Argued January 30, 1984.—*
*Decided February 28, 1984.*

(Also reported in 344 N.W.2d 123.)

For the petitioner-respondent-petitioner there was a brief by *Stephen F. Hansen* and *Johnson, Hansen, Shambeau & Johnson, S.C.*, Waupaca, and oral argument by *Stephen F. Hansen.*

For the appellant-cross-petitioner there were briefs in court of appeals by *Roger A. Glenn* and *Bayorgeon & Glenn*, Appleton, and oral argument by *Roger A. Glenn.*

WILLIAM G. CALLOW, J.   This is a review of a decision[1] of the court of appeals reversing and remanding

---

[1] *Bonnell v. Bonnell*, 111 Wis. 2d 337, 330 N.W.2d 237 (Ct. App. 1983).

for further proceedings the property division portion of a divorce judgment of the circuit court for Waupaca county, Judge Jon P. Wilcox, presiding. We reverse the court of appeals.

The issues presented on appeal are whether property inherited before the marriage, but transferred into joint tenancy during the marriage, is marital property subject to division under sec. 767.255, Stats.,[2] and whether, if the

[2] Section 247.255, Stats., 1977 (renumbered to sec. 767.255 by Chapter 32, Sec. 50, Laws of 1979, effective July 20, 1979), provided in pertinent part:

". . . Any property inherited by either party prior to or during the course of the marriage shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property except inherited property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:

"(1) The length of the marriage.

"(2) The property brought to the marriage by each party.

"(3) The contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking and child care services.

"(4) The age and physical and emotional health of the parties.

"(5) The contribution by one party to the education, training or increased earning power of the other.

"(6) The earning capacity of each party, including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and expense necessary to acquire sufficient education or training to enable the party to become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage.

"(7) The desirability of awarding the family home or the right to live therein for a reasonable period to the party having custody of any children.

■

property in joint tenancy was properly considered marital property, the trial court abused its discretion in the division made in the divorce judgment.

Betty and John Bonnell were married in 1946. In 1954 Mrs. Bonnell inherited a resort consisting of several lakeside cottages and lots on the Chain O' Lakes in Waupaca county. The couple moved to the area to manage the resort. After 1960 Mr. Bonnell worked full time as a Waupaca county traffic patrol officer, but he devoted much of his spare time over the years to maintaining, renovating, and repairing the resort properties. Mrs. Bonnell ran the resort business, kept the books, and managed the family's financial affairs. The record supports the conclusion that they invested family funds in improving the resort properties and treated the resort as joint property during the marriage.

"(8) The amount and duration of an order under s. 247.26 granting maintenance payments to either party, any order for periodic family support payments under s. 247.261 and whether the property division is in lieu of such payments.

"(9) Other economic circumstances of each party, including pension benefits, vested or unvested, and future interests.

"(10) The tax consequences to each party.

"(11) Any written agreement made by the parties before or during the marriage concerning any arrangement for property distribution; such agreements shall be binding upon the court except that no such agreement shall be binding where the terms of the agreement are inequitable as to either party. The court shall presume any such agreement to be equitable as to both parties.

"(12) Such other factors as the court may in each individual case determine to be relevant."

Section 767.255 was modified by Chapter 196, Sec. 29, Laws of 1979, effective August 1, 1980, so that the relevant portion in the current statutes reads:

"Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division. . . ."

From 1954 to 1978 Mrs. Bonnell held title to the resort properties. On August 23, 1978, Mrs. Bonnell conveyed the cottage properties to herself and Mr. Bonnell as joint tenants. A divorce action was commenced by Mr. Bonnell on October 9, 1979. After testimony by Mr. and Mrs. Bonnell at a hearing held December 17, 1980, the trial court found that Mrs. Bonnell, by placing the inherited cottage properties in joint tenancy, intended to make a gift to Mr. Bonnell and that she had made the gift voluntarily and of her own volition. The court further found that the properties thereby became part of the marital estate subject to division in the divorce judgment. In the final division the court awarded two of the cottage properties to Mr. Bonnell and the remaining four to Mrs. Bonnell.

Mrs. Bonnell appealed the portion of the judgment concerning property division to the court of appeals, contending that the trial court improperly awarded some of the cottage properties to Mr. Bonnell. The court of appeals concluded that the creation of the joint tenancy did change the character of the ownership interest in the inherited properties so as to bring them into the marital estate. However, the court of appeals held that Mrs. Bonnell, by virtue of the nature of a joint tenancy, retained a separate 50 percent interest in the inherited properties, thus leaving only the remaining 50 percent subject to division. Based on this determination, the court concluded that the trial court erred in including Mrs. Bonnell's retained 50-percent interest in the marital estate. Further, in order for Mrs. Bonnell's share to be subject to division, the statute required the court to find that refusal to divide her inherited property interest would create a hardship for Mr. Bonnell. The court reversed the portion of the judgment dealing with property division and remanded the matter for further findings.

Mr. Bonnell petitioned this court for review of the court of appeals' decision, and we granted the petition for review.

Section 767.255, Stats., provides that a spouse's inherited property is not to be included as part of the marital estate subject to division in a divorce unless the refusal to include the property would work a hardship on the other spouse. It is undisputed that the six cottage properties were Mrs. Bonnell's inherited property and, therefore, were not subject to division so long as they retained their character as inherited property. The sole question presented is whether the properties retained their inherited character after they were transferred into joint tenancy in 1978.

We have held in several cases that a spouse can transfer into the marital estate property which would otherwise be retained as the spouse's separate property. *See, e.g., Estate of Nickolay,* 249 Wis. 571, 576–77, 25 N.W.2d 451 (1946); *Walber v. Walber,* 40 Wis. 2d 313, 323, 161 N.W.2d 898 (1968); *Williams v. Williams,* 44 Wis. 2d 651, 668–69, 171 N.W.2d 902 (1969). Support for this proposition is found also in sec. 766.03, Stats., which provides in pertinent part: "Any conveyance, transfer or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons." We recognize in this regard the general principle "that a spouse may by agreement, either express or implied, or by gift, transmute an item of separate property into marital property." *Daniels v. Daniels,* 557 S.W. 2d 702, 704 (Mo. App. 1977) (citations omitted).

It is clear that Mrs. Bonnell intended to create a joint tenancy in the subject properties. This is evidenced by a deed executed on August 23, 1978, by Mr. and Mrs. Bonnell, transferring ownership to "John Bonnell and Betty Bonnell, husband and wife, as joint tenants with right of survivorship." *See* secs. 700.19(1) and (2), Stats. More-

over, the trial record supports the trial court's finding that Mrs. Bonnell intended to make a gift of the inherited property to Mr. Bonnell. In response to the question why Mrs. Bonnell made the transfer into joint tenancy, she testified:

"Well, I got tired of hearing about how nothing was John's. I made out a will leaving everything to him if I died, but that didn't seem to satisfy him. I thought if that would make him happy, why I would do that if I could find a lawyer to do it. . . . He didn't ask me in so many words, he just kept telling me that nothing was his."

Other jurisdictions have concluded that separate property transferred into joint tenancy becomes part of the marital estate. In *Atkinson v. Atkinson,* 87 Ill. 2d 174, 429 N.E.2d 465 (1981), the Illinois Supreme Court held that a marital home purchased with the husband's nonmarital funds became marital property when title was taken with the wife in joint tenancy. In *Carter v. Carter,* 419 A.2d 1018 (Me. 1980), the Supreme Judicial Court of Maine held that land acquired by the husband before the marriage became marital property when he conveyed it after the marriage by joint tenancy warranty deed to himself and his wife. Finally, in *Ayars v. Ayars,* 50 Md. App. 93, 436 A.2d 490 (1981), a Maryland appellate court held that the husband's inherited property became part of the marital estate when, during the marriage, the husband and wife took title to the property as tenants by the entireties.[3] *See also Conrad v. Bowers,* 533 S.W.2d 614 (Mo. App. 1975).

We find the rule of these cases to be persuasive because we conclude that the transfer of separate, inherited property into joint tenancy changes the nature of the property

[3] A tenancy by the entirety is essentially a joint tenancy, modified by the common law theory that husband and wife are one person, and survivorship is the predominant and distinguishing feature of each. *Black's Law Dictionary* 1314 (rev. 5th ed. 1979).

interest. Under sec. 700.17 (2) (a), Stats., "[e]ach of 2 or more joint tenants has an equal interest in the whole property for the duration of the tenancy, irrespective of unequal contributions at its creation." Thus, once the joint tenancy was created, both Mr. and Mrs. Bonnell had an equal interest in all of the properties. The properties were no longer solely Mrs. Bonnell's; rather, they became a single estate owned by both parties. *See* 48A C.J.S. *Joint Tenancy* sec. 2 (1981). Once the properties came under the unified ownership of both Mr. and Mrs. Bonnell as joint tenants, they no longer retained their character as Mrs. Bonnell's separate, inherited property. The properties thus became part of the marital estate subject to division under sec. 767.255.

The court of appeals decided that Mrs. Bonnell retained a 50 percent interest in the properties. We conclude that this was incorrect. A joint tenancy is one estate in which each owner has an equal, undifferentiated share of the entire estate. "Each of the joint tenants possesses a present estate, and is seized of the whole estate; he has an undivided share of the whole estate rather than the whole of an undivided share." 48A C.J.S. *Joint Tenancy* sec. 22 (1981) (footnotes omitted); *see also Jezo v. Jezo*, 23 Wis. 2d 399, 404, 129 N.W.2d 195 (1964). Thus, whatever the prior ownership interest of each party, under a joint tenancy each party has an undivided equal interest which does not retain its character as a separate property interest. We conclude that Mrs. Bonnell did not have a property interest which retained its separate character as inherited property.[4] We note in this regard that, had

---

[4] Mrs. Bonnell, who consulted with an attorney in drafting the joint tenancy deed, could have created a tenancy in common but chose to create a joint tenancy. The court of appeals appears mistakenly to have treated the properties as a tenancy in common. "A tenancy in common differs from a joint tenancy in that . . . the tenant in common owns a distinct interest. Each tenant in common holds his interest and his title independently of the

Mrs. Bonnell died after the joint tenancy was created, Mr. Bonnell—who had a right of survivorship—would have received the entire property interest. The transfer of separately owned property into joint tenancy changes the character of the ownership interest in the *entire* property into marital property which is subject to division. We reverse the court of appeals' determination that Mrs. Bonnell retained a separate 50 percent interest in the cottage properties.

Having decided that all the cottage properties were part of the marital estate, we now turn to the issue of whether the trial court abused its discretion in awarding Mr. Bonnell two of the cottage properties. A division of property upon divorce is within the sound discretion of the trial court and will not be reversed on appeal except for an abuse of discretion. *Bahr v. Bahr,* 107 Wis. 2d 72, 77, 318 N.W.2d 391 (1982).

" 'An abuse of discretion occurs when the trial court has failed to consider proper factors, has made a mistake or error with respect to the facts upon which the division was made, or when the division itself was, under the circumstances, either excessive or inadequate.' "

*In Matter of Marriage of Jasper v. Jasper,* 107 Wis. 2d 59, 63–64, 318 N.W.2d 792 (1982) (citation omitted). A discretionary determination must rely on the facts of record and the appropriate and applicable law. *Id.* at 64.

Mrs. Bonnell contends that in dividing the properties the trial court failed to take into account her age, health, earning power, and education. However, the record shows that in reaching its decision the trial court took into account that Mrs. Bonnell was fifty-seven years of

other cotenants." 4 *Thompson on Real Property* sec. 1794 at 140 (1979) (footnotes omitted); *see also* secs. 700.17(3) and 700.20, Stats. However, Mrs. Bonnell did not create a tenancy in common, and, therefore, the court of appeals erred in treating it as such.

age and suffering from arthritis and a muscle disease. The court further specifically stated that "[t]he differential in the property distribution takes into account the property brought to the marriage by [Mrs. Bonnell] as well as her poor physical health and earning capacity to allow her to continue or become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage." The trial court considered appropriate factors under sec. 767.255, Stats., and we find no abuse of discretion in the trial court's division of the marital estate.

*By the Court.*—The decision of the court of appeals is reversed.