Leslie M. PLACHTA, Petitioner-Appellant,

v.

Margaret M. PLACHTA, Respondent.†

Court of Appeals

*No. 83–681. Submitted on briefs January 3, 1984.—
Decided March 6, 1984.*
(Also reported in 348 N.W.2d 193.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Toby E. Marcovich, Stephen D. Meyer* and *Marcovich, Cochrane & Milliken, S.C.,* of Superior.

For the respondent the cause was submitted on the brief of *James L. Cirilli* and *Borg, Peterson, McDonald, Cirilli & Moran* of Superior.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  The sole issue on appeal in this divorce action is whether the appreciated value of a home gifted to Margaret Plachta during her marriage is a marital asset subject to property division.  The trial court concluded that because Leslie Plachta failed to establish that the appreciation was due to his efforts, the home's appreciated value would not be subject to marital property division.  Because gifted property and its appreciated value remains the separate property of the donee spouse and because the court did not find that a refusal to divide

such separate property created a hardship on the other spouse, we affirm.

During the early part of their marriage, Margaret received a home from her mother valued at $6,000. Leslie and Margaret lived in this home until their divorce. Margaret alone held title to the home, valued at $27,500 at the time of the divorce. Leslie paid all the real estate taxes and performed minor maintenance on the home, including some roof work and painting. The trial court reasoned that sec. 767.255, Stats., allows the division of a gifted property's appreciated value where the appreciation was due to the married couple's community efforts rather than general economic conditions. The court concluded, however, that although Leslie did some minor maintenance and repair work on the property, the evidence failed to establish that the appreciation was due to any of Leslie's efforts, but rather was due to "the general economic conditions of inflation and the normal appreciation of real estate."

Leslie contends that because the legislature in sec. 767.255 did not specifically exempt the appreciated value of a gift, it must have meant to include the appreciated value in the marital estate. He reasons that therefore, absent any other special circumstances, the gift's appreciated value should be divided equally. He also argues that the trial court incorrectly placed the burden of proof on him to show that the appreciation was due to his efforts. Instead, Leslie contends that since the appreciated value is marital property, the burden must be placed on the donee spouse to demonstrate that no other source caused the gift's increased value.

Section 767.255, Stats., provides in part:

Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain

the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property is to be divided equally between the parties, but may alter this distribution . . . .

The statute is silent on how to treat the appreciated value of property a spouse acquires by gift or inheritance, nor have our appellate courts decided this issue. Statutory construction is a question of law, and we need not defer to a trial court's conclusion. *Roe v. Larson,* 94 Wis. 2d 204, 206, 287 N.W.2d 824, 825 (Ct. App. 1979).

The statement of legislative purpose for ch. 767, Stats., provides no guidance or suggestions concerning the legislative intent on this question. *See* Legislative purpose, *reprinted in* Wis. Stat. Ann. sec. 767.01 at 108 (West 1981). Consequently, we must apply the general rules of statutory construction in determining the application of sec. 767.255.

In construing a statute, the primary source is the language of the statute itself. *Wisconsin's Environmental Decade, Inc. v. Public Service Commission,* 81 Wis. 2d 344, 350, 260 N.W.2d 712, 715 (1978). The entire section and related sections are to be considered in its construction or interpretation. *Omernik v. State,* 64 Wis. 2d 6, 12, 218 N.W.2d 734, 738 (1974). In determining the meaning of any single phrase or word in a statute, it is necessary to look at it in the light of the whole statute. *State ex rel. Tilkens v. Board of Trustees of Firemen's Pension Fund,* 253 Wis. 371, 373, 34 N.W.2d 248, 249 (1948).

Section 767.255 excepts gifts acquired by either party prior to or during the course of the marriage from a property division unless the court finds that refusal to

divide such property would create a hardship. In that event, the court is given discretion to divest the donee spouse of such property in a fair and equitable manner.

Wisconsin recognizes a married person's right to continue to own his or her sole and separate property. Chapter 766, Stats., allows a married person to retain real and personal property, owned at the time of marriage, as sole and separate property. This includes any rents, issues, and profits from the separate property. Similarly, under sec. 767.255, property that is acquired by gift is considered nonmarital property because demonstrably it was not obtained through any joint enterprise but rather from an independent source.

We find nothing in ch. 767 to support the argument that an appreciation in value of nonmarital property takes on the character of marital property, especially when it has increased in value without any contributions from the nonowning spouse. Without an express statutory provision to the contrary, assets that are separate property retain that identity and are generally not subject to property division regardless of appreciation or depreciation in value. *See In re Marriage of Komnick,* 417 N.E.2d 1305, 1308–09 (Ill. 1981) ; *Hull v. Hull,* 591 S.W.2d 376, 381 (Mo. Ct. App. 1979). The rule of construction, expression of one thing is the exclusion of another, does not change our conclusion. Statutory construction aids are designed to ascertain and not override the legislature's intent. *See* 2A Sands, Sutherland Statutory Construction, secs. 57.01–57.10 (4th ed. Callaghan 1973). Section 767.255 does not suggest or contemplate any subclassification of an asset into part nonmarital property and part marital property.

In concluding that the appreciated value of a nonmarital gift is to be regarded as nonmarital property, we

do not hold that in all circumstances, the nonowning spouse is precluded from sharing in the appreciation. If the trial court finds that a refusal to divide such nonmarital property, or its appreciated value, would create a hardship on the other spouse or on the children of the marriage, it may in its discretion divest the donee spouse of such property in a fair and equitable manner. The nonowning spouse has the burden of demonstrating that a refusal to divide the nonmarital property or its appreciated value would create a hardship on him or her or on the children of the marriage. Failure to divide separate property could cause a hardship when the nonowning spouse contributes to the property's increased value. Under those circumstances, the trial court may distribute the nonmarital property in a manner reflecting each spouse's contribution toward the appreciated value.

Here, the trial court found that the home appreciated due to the general economic conditions of inflation and the normal appreciation of real estate. Its character and identity remained the same. The court rejected Leslie's evidence that the appreciation was due in part to his efforts. We will not disturb a trial court's factual findings unless they are clearly erroneous. Section 805.17 (2), Stats. We conclude that the court's findings in this case are not clearly erroneous.

*By the Court.*—Judgment affirmed.