IN RE the MARRIAGE OF TORGERSON,
Petitioner-Respondent,

v.

Thomas D. TORGERSON, Respondent-
Appellant.

Court of Appeals

*No. 85–0522. Submission of briefs December 30, 1985.—*
*Decided January 15, 1986.*
(Also reported in 383 N.W.2d 506.)

For the respondent-appellant, briefs were filed by *Willard P. Techmeier* and *Stanley J. Lowe* of *Techmeier, Sheedy & Associates* of Milwaukee.

For the petitioner-respondent, a brief was filed by *Patricia K. Ballman* and *Katherine L. Charlton* of *Quarles & Brady* of Milwaukee.

Before Scott C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Thomas D. Torgerson appeals from a judgment which, *inter alia,* awarded a residence/duplex to Susan R. Torgerson, his former wife. Based upon stipulated facts which demonstrated, in part, that Susan made the down payment on the residence with her inherited funds and made all mortgage payments with her earnings, the trial court concluded that the entire duplex was a non-marital asset. We reverse, concluding that the duplex value in excess of Susan's down payment is marital property.

Thomas also appeals the trial court's refusal to order his name removed as a mortgagor on the duplex

mortgage. Instead, the judgment directed Susan to make reasonable efforts to seek the removal of Thomas's name from the mortgage; if this could not be accomplished without refinancing the property, the judgment directed Susan to "indemnify and hold Thomas harmless for any ensuing liability." We affirm this portion of the judgment.

## DUPLEX/RESIDENCE

The stipulated facts show that the parties were married on June 27, 1975. In May 1976, Susan purchased the duplex in question and used $25,073.94 of her inherited funds as the down payment. The duplex was titled in Susan's name. Susan signed the original mortgage note and later extensions thereof. Both Susan and Thomas signed the mortgage. The parties lived in one unit of the duplex. The other unit was leased.

The parties maintained separate "joint accounts." Susan's "joint account" was used for depositing the rental proceeds and to pay the mortgage on the duplex and food expenses for the parties. Thomas's "joint account" was used to pay utility expenses, miscellaneous household expenses for both units of the duplex, and entertainment expenses for the parties. From time to time, excess funds from both of these "joint accounts" were transferred into a third joint savings account. Funds from this joint account were also used for maintenance, upkeep, and improvement of the duplex. At times, funds were transferred from this joint account into Susan's or Thomas's "joint account" for payment of other expenses related to the duplex. In addition, the parties expended their own time and efforts in main-

taining and improving the property. Real estate taxes for the first year of ownership were paid from marital funds; however, taxes for all other years were paid by Susan with her inherited funds.

Thomas contends upon appeal that the value of the duplex in excess of Susan's down payment is marital property. He makes no claim against the down payment portion of the value of the duplex awarded to Susan.[1]

The issue before us is one of statutory construction of the property division statute, sec. 767.255, Stats., and its application to the controlling stipulated facts of this case. Generally, a property division upon divorce is within the sound discretion of the trial court. *Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608, 610 (Ct. App. 1985). However, statutory construction is a question of law and we need not defer to a trial court's conclusion. *Arneson v. Arneson,* 120 Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984). The application of a statute to a particular set of facts presents a question of law. *Weiss* at 692, 365 N.W.2d at 610. Thus, the question before us is one of law which we will review *de novo.*

Section 767.255, Stats., provides in part:

---

[1] Thus, we are not faced with any claim that this portion of the property has been transmuted—that is, the property no longer retains its character as separate property but rather has become part of the marital estate by virtue of the manner in which the parties have chosen to title or otherwise treat it. *Cf. Bonnell v. Bonnell,* 117 Wis. 2d 241, 344 N.W.2d 123 (1984); *Weiss v. Weiss,* 122 Wis. 2d 688, 365 N.W.2d 608 (Ct. App. 1985); *Trattles v. Trattles,* 126 Wis. 2d 219, 376 N.W.2d 379 (Ct. App. 1985).

Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner.

Susan argues that the trial court properly relied upon *Plachta v. Plachta,* 118 Wis. 2d 329, 348 N.W.2d 193 (Ct. App. 1984), in awarding the entire duplex to her. We disagree. *Plachta* involved a case where the entire asset was gifted to a spouse. Thus, the court of appeals held that the full value of the gifted property, including the appreciation occasioned by the economic factors of inflation, was non-marital.

Here, only the down payment has been made with exempt funds. The statute does not exempt property purchased by a spouse with his or her marital earnings, as is the case here. The only property exempt from property division under our law is gifted or inherited property or property acquired with such funds.[2] *See Arneson* at 245, 355 N.W.2d at 20. The value portion of

[2] Even property covered by a marital agreement is not, per se, exempt property. Rather, the agreement is but a factor which the court should consider in making its property division. *See* sec. 767.255(11), Stats.

the duplex in excess of the down payment is accordingly a marital asset.[3]

Susan's further reliance on *Lacey v. Lacey,* 61 Wis. 2d 604, 213 N.W.2d 80 (1973), and *Walber v. Walber,* 40 Wis. 2d 313, 161 N.W.2d 898 (1968), is misplaced. Both cases dealt with a predecessor property division statute, *cf.,* sec. 247.26, Stats. (1967), which permitted division *only* of the estate of the husband "and so much of the estate of the wife as has been derived from the husband. . . ." Division of the wife's separate or special estate was forbidden under this former statute. *Lacey* and *Walber* presented situations where the trial court was seeking the return of the wife's separate estate to her—a procedure not required under our present statute.

We therefore reverse this portion of the judgment and remand for further proceedings.[4]

## MORTGAGE

Next, Thomas contends that the trial court erred in failing to order his name removed from the mortgage. Susan signed the mortgage note and extensions.

---

[3] We recognize that some portion of the value in excess of the down payment might also be non-marital if Susan can establish upon remand that such portion was purchased or paid for with exempt property.

[4] In the proceedings on remand, the balance of the stipulated facts concerning the respective financial and physical contributions of the parties to the assigned value of the premises will be relevant. In addition, the trial court is free to take whatever further evidence is appropriate on the question of a further property division.

Thomas asks that we perform the further property division required by this reversal. We decline. This function is properly performed by the trial court.

However, both Susan and Thomas signed the original mortgage.

While the judgment directed Susan to make reasonable efforts to seek the removal of Thomas's name from the mortgage, it did not mandate it. This reflects a recognition by the trial court that it was powerless to order Thomas's name removed from the mortgage since such action would bear upon the interest of the mortgagee, who was not a party to the action. The trial court, therefore, was powerless to grant the relief Thomas requested. We affirm this ruling of the trial court.

Costs are denied to both parties.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.