IN RE the MARRIAGE OF:

Walter R. ANTUK, Petitioner-Appellant,

v.

Geraldine R. ANTUK, Respondent.

Court of Appeals

*No. 85–0921. Argued December 11, 1985.—Decided March 26, 1986.*

(Also reported in 387 N.W.2d 80.)

For the petitioner-appellant, the cause was submitted on the brief of *Thomas D. Kuehl* of *Eisenberg & Kuehl, S.C.* of Milwaukee and oral argument by *Thomas D. Kuehl.*

For the respondent, the cause was submitted on the brief of *Thomas W. Anderson* of *Anderson, Sumpter, Higgins-Frost, S.C.* of Kenosha and oral argument by *Thomas W. Anderson.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    Walter Antuk appeals from a judgment divorcing him from Geraldine Antuk and awarding, *inter alia,* all right, title, claim and interest in certain real estate to Walter subject to Geraldine's lien interest upon the residence in the amount of $14,696.

The issue in this case is whether a prenuptial agreement covering property "acquired by either prospective spouse before or after their marriage" includes the appreciation of an excluded asset where some of the appreciation is due to the efforts of the non-owning spouse. The trial court held that the appreciation was not governed by the prenuptial agreement and therefore included the appreciation in the marital estate. We disagree and conclude tht the prenuptial agreement operates to exclude the appreciation from the marital estate. We therefore reverse and remand to allow the trial court an opportunity to determine the equitableness of the agreement as we have construed it and for any further proceedings consistent with this opinion.

Prior to the marriage, Walter Antuk owned a separate residence and a vacant lot, while Geraldine Antuk owned a separate mobile home residence. On the day before their wedding, Walter and Geraldine executed a prenuptial agreement[1] which provided in part:

> For the reasons cited above and in consideration of the mutual covenants contained herein, prospective husband and prospective wife do hereby agree as follows:
>
> 1. Any property, either real or personal, acquired by either prospective spouse before or after their marriage, shall be the separate property of the party owning or obtaining the property, and the other party shall make no claim or demand on the separate property, or on the heirs, personal repre-

---

[1] The document signed by the parties is entitled "Antinuptial Agreement." We refer to the agreement as a prenuptial agreement for the sake of consistency.

sentatives or administrators of the owner's estate, for that separate property.

After the marriage, both Walter and Geraldine sold their separate residences. Geraldine's $16,500 sale proceeds were retained by her as her separate property. Walter's $44,808 sale proceeds were invested in a residence built by the parties on Walter's vacant lot. The trial court found that Geraldine had substantially contributed to the building and planning of this residence.

The trial court concluded that the prenuptial agreement was valid, thereby rejecting Geraldine's claim that the agreement was "invalid, unfair, inequitable, unclear and ambiguous." On this basis, the trial court awarded Geraldine the proceeds from the sale of her residence and awarded Walter the proceeds from the sale of his residence and the lot upon which the new house was constructed. The trial court further concluded that Geraldine was entitled to half of the net equity in the property and thus divided the value of the post-marriage residence beyond Walter's invested sale proceeds and lot value equally between the parties. The trial court found there was a net marital equity of $29,392 in the new house and awarded Geraldine the sum of $14,696 protected by a lien upon the residence which was awarded to Walter. Walter appeals.

■■

The issue before us is one of contractual construction. The purpose of contractual construction is to ascertain the true intention of the parties as expressed by the contractual language. *Hammel v. Ziegler Financing Corp.*, 113 Wis. 2d 73, 76, 334 N.W.2d 913, 915 (Ct. App. 1983). The construction of a written contract presents a question of law. *Jos. P. Jansen Co. v. Mil-*

*waukee Area District Board of Vocational, Technical & Adult Education,* 105 Wis. 2d 1, 13, 312 N.W.2d 813, 818 (1981). An appellate court decides questions of law independently without deference to the decision of the trial court. *Ball v. District No. 4, Area Board of Vocational, Technical & Adult Education,* 118 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■

While at one time out of favor with the law, prenuptial agreements are now expressly recognized as enforceable for purposes of property distribution in a divorce action. *See* Sec. 767.255(11), Stats. Such agreements, in fact, are presumed to be equitable as to both parties and are binding upon the courts unless found to be inequitable. *Id.; Hengel v. Hengel,* 122 Wis. 2d 737, 742, 365 N.W.2d 16, 18 (Ct. App. 1985).[2]

■

One of the purposes of a prenuptial agreement is to assure the parties that the separate estates which they bring to a marriage or which they thereafter acquired will be preserved unto each of them without a claim by the other. When such an agreement, as here, expressly covers any property "acquired by either prospective spouse *before* or *after* their marriage" (emphasis added), we conclude that the parties contemplated the appreciation attendant to such an asset to be covered by the agreement. We therefore conclude that the prenuptial agreement of the parties in this case in-

---

[2] The question of when the equitableness of a prenuptial or post-nuptial agreement is to be determined—as of the time of execution of the agreement or as of the time of divorce—is currently before the Wisconsin Supreme Court. This court certified the question to the supreme court primarily because we questioned whether *Hengel's* holding conflicts with sec. 767.255(11), Stats.

cludes the appreciation (regardless of the reasons) of the underlying exempt asset.

This conclusion does not leave Geraldine without an avenue of relief, however. The property division statute, sec. 767.255, Stats., provides that among the factors to be considered in any property division are:

> Any written agreement made by the parties before or during the marriage concerning any arrangement for property distribution; such agreements shall be binding upon the court *except that no such agreement shall be binding where the terms of the agreement are inequitable as to either party.* The court shall presume any such agreement to be equitable as to both parties. [Emphasis added.]

Section 767.255(11).

Here, the trial court concluded that the prenuptial agreement was valid based upon its construction of the agreement as operating to exclude only the premarital holdings of the parties, *i.e.,* Geraldine's mobile home and Walter's separate residence and vacant lot. On this basis, the trial court rejected Geraldine's claim that the agreement was inequitable. We have concluded, however, that the trial court's determination was based upon an erroneous construction of the agreement. Therefore, we remand not only for a new property division consistent with our construction of the agreement but also to allow Geraldine an opportunity to claim and establish any inequitableness of the agreement resulting from our construction.[3]

---

[3] In *Plachta v. Plachta,* 118 Wis. 2d 329, 348, N.W.2d 193 (Ct. App. 1984), we were confronted with the question of whether the appreciation of gifted (separate) property was to be separate or in-

*By the Court.*—Judgment reversed and cause remanded.

cluded in the marital estate where the appreciation of the asset was due to the general economic conditions of inflation. We held that the appreciation was separate property. In *Plachta,* however, no provision for the appreciation had been agreed to by the parties. Because we have concluded that the prenuptial agreement in this case covers the appreciation of the residence, *Plachta* does not apply. For the same reason, we also conclude that the cases of *Bonnell v. Bonnell,* 117 Wis. 2d 241, 344 N.W.2d 123 (1984); *Weiss v. Weiss,* 122 Wis. 2d 688, 365 N.W.2d 608 (Ct. App. 1985); and *Trattles v. Trattles,* 126 Wis. 2d 219, 376 N.W.2d 379 (Ct. App. 1985), dealings with the transmutation of separate property, do not apply.