IN RE the MARRIAGE OF: Judith Lee
SCHWEGLER, Petitioner-Respondent,

v.

Herman Robert SCHWEGLER, Respondent-
Appellant.†

Court of Appeals

*No. 87–0602. Submitted on briefs October 20, 1987.—Decided
November 25, 1987.*

(Also reported in 417 N.W.2d 420.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

On behalf of the respondent-appellant the cause was submitted on the briefs of *Thomas D. Kuehl* of *Bihler & Kuehl, S.C.* of Milwaukee.

On behalf of the petitioner-respondent the cause was submitted on the brief of *Perry P. Lieuallen* of *Lieuallen & Williams* of Port Washington.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   In this appeal from a judgment of divorce, Herman Schwegler challenges the trial court's property division between him and Judith Schwegler. He alleges that the trial court committed error by: (1) failing to exclude certain gifted property from the marital estate; (2) failing to consider Herman's contributions to the marriage as a basis for awarding him more than 50% of the estate; (3) relying

on the real estate tax assessment for valuation purposes; and (4) failing to consider Judith's pending personal injury action for inclusion in the estate.

We reverse and remand that portion of the judgment disposing of the real estate as the trial court did not explain its decision which treated the land and residence as one, despite the undisputed fact that the residence was not gifted with the land. On remand, the trial court will also have an opportunity to determine the character of the appreciation in value of the gifted property. We also reverse and remand for further findings regarding certain gifted personal property and for division of Judith's pending tort action. We affirm the remainder of the judgment.

Herman and Judith were married in August of 1974, each having been previously married. Judith's two minor children from her prior marriage lived with the parties during most of their marriage. Judith petitioned for divorce in August of 1983.

Prior to the marriage, Herman was gifted a piece of land and he built a residence on it. Herman also testified that during the marriage he received gifts of a 1978 Volkswagen Rabbit from his parents and $5000 from his father which he used to remodel a garage.

Herman first argues that the trial court erred when it divided the residence by determining the amount of equity gained during the marriage and halving that figure. He argues that since the parcel of land was a gift and the residence was acquired prior to his marriage, he should receive the land and residence in their entirety under sec. 767.255, Stats.

Generally, a property division upon divorce is within the sound discretion of the trial court. *Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608, 610 (Ct.

App. 1985). However, the trial court is obligated to follow sec. 767.255, Stats., when making its determination. Statutory construction is a question of law and the reviewing court need not defer to the trial court's conclusion. *Arneson v. Arneson,* 120 Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984). The application of a statute to a particular set of facts presents a question of law. *Weiss* at 692, 365 N.W.2d at 610.

It is undisputed that the parcel of land is a gift. Therefore, sec. 767.255, Stats., operates to allow the land to remain Herman's separate property absent a showing of hardship by Judith. However, Herman argues that the residence is also gifted property because it "merged" into this gift of land. The merger is premised on the fact that he constructed the residence prior to the marriage without Judith's assistance.

Ownership of an asset prior to marriage is only one factor to be considered in the division of property. *Bussewitz v. Bussewitz,* 75 Wis. 2d 78, 86, 248 N.W.2d 417, 422 (1977). Although we recognize that the addition of a residence is generally considered an improvement on the land, we conclude that, for purposes of property division, the residence might not be an improvement or enhancement of the gifted land, but may be a separate asset, the character of which may differ from that of the land.

The trial court's decision does not make any distinction between the residence and the gifted land. Although the trial court frequently refers to the value of the house or residence, those figures correspond to the combined values of land and improvements as stated in the tax assessments.

The failure of the trial court to explain its determination warrants reversal. *Leighton v. Leighton,* 81 Wis. 2d 620, 631, 261 N.W.2d 457, 462 (1978). On remand, the trial court shall determine whether the residence constitutes gifted property. If the trial court concludes that it is not gifted, its value is to be included in the marital estate. *Thorpe v. Thorpe,* 108 Wis. 2d 189, 202, 321 N.W.2d 237, 244 (1982).

After the gifted property (here, presumably the land) is separated from the nongifted (presumably the residence), a further determination should be made regarding the gifted property. As contemplated by *Plachta v. Plachta,* 118 Wis. 2d 329, 334, 348 N.W.2d 193, 195–96 (Ct. App. 1984), the source of any appreciation of the gift's value must be determined. The amount of appreciation due to general economic conditions accrues to the gift and hence is separate property; however, any amount due to contributions by the non-owning spouse is to be included in the marital estate.[1]

Herman next contends that the trial court erred in awarding a 1978 Volkswagen Rabbit to Judith. Herman's parents had gifted the car to him, and at the time of the temporary hearing in November of 1983, Herman granted the use of it to Judith. On a related issue, Herman argues that the court erred in failing to give him credit for $5000 which he received as a gift and used during the course of the marriage to enlarge and remodel an existing garage. Herman relies on *Torgerson v. Torgerson,* 128 Wis. 2d 465, 383 N.W.2d 506 (Ct. App. 1986), for support.

---

[1]For further discussion on this issue, see N. Nettesheim, *The Treatment of Exempt and Non-Exempt Assets Under Wisconsin's Property Division Statute,* 5 Wis. J. Fam. L. 65, 67 (1986).

The trial court, without explanation, included the Volkswagen Rabbit as part of the marital estate. No mention is made of the $5000 gift. Accordingly, we remand for the trial court to determine whether either or both of these are gifts within the meaning of sec. 767.255, Stats. In addition to *Torgerson,* the trial court should consider whether any transmutation has occurred under *Trattles v. Trattles,* 126 Wis. 2d 219, 225–26, 376 N.W.2d 379, 383 (Ct. App. 1985).

Herman's next contention is that the trial court improperly failed to consider his substantial contributions to the marriage, thereby turning the rebuttable presumption of 50/50 division into a conclusive one. Sec. 767.255, Stats. Our review of the trial court's decision does not draw the conclusion which Herman urges. The decision noted:

> Both parties brought substantial assets into the marriage. ... [O]ther than those assets the bulk of the earnings during the marriage were received by [Herman]. However ... taking into account the contribution of [Judith] in other respects to this marriage and the fact that [she] did make substantial financial contributions ... the marital estate ought to be divided on a 50/50 basis.

██ The trial court carefully and properly considered the contributions made by the parties to the marriage. *See* sec. 767.255(3), Stats. We conclude that this finding was not so inadequate as to require a remand for further findings by the trial court. *See Wurtz v. Fleischman,* 97 Wis. 2d 100, 108, 293 N.W.2d. 155, 159 (1980).

As a corollary to the above argument, Herman complains of the trial court's failure to consider his

contribution towards the support of Judith's children from a prior marriage, relying on *Fuerst v. Fuerst,* 93 Wis. 2d 121, 286 N.W.2d 861 (Ct. App. 1979). *Fuerst* did not mandate consideration of one spouse's support of the other's children. Rather, *Fuerst* stated that this factor was relevant and that it was not an abuse of discretion for the trial court to consider it. *Id.* at 132, 286 N.W.2d at 866. We do not read *Fuerst* as requiring the trial court to consider this as a factor.

Herman next argues that the trial court erred when it relied on the real estate tax assessment for valuation of the residence. The tax assessment was $123,700, whereas an appraisal by a real estate broker calculated fair market value at $105,000. Herman states that the trial court was not at liberty to disregard the broker's appraisal value because it was not contradicted by another appraisal, relying on *Ashraf v. Ashraf,* 134 Wis. 2d 336, 397 N.W.2d 128 (Ct. App. 1986).

We do not read *Ashraf* so narrowly.

> [T]he court cannot disregard uncontradicted testimony ... in the absence of something in the case which discredits the testimony or renders it against reasonable probabilities.

*Id.* at 345, 397 N.W.2d at 132. Here, Herman would characterize the broker's appraisal as "uncontradicted" because it was not challenged by another appraisal. However, evidence of one type may be contradicted by evidence of another type, as recognized in *Ashraf* by the broad phrase "something in the case." The tax assessment was "something in the case" which contradicted the broker's appraisal.

The trial court was therefore at liberty to disregard the broker's appraisal in favor of the tax assessment. We cannot conclude that its valuation is against the great weight and clear preponderance of the evidence. *Holbrook v. Holbrook,* 103 Wis. 2d 327, 334, 309 N.W.2d 343, 347 (Ct. App. 1981).

Herman's final argument is that the trial court erred in failing to consider Judith's pending personal injury action as a marital asset. Subsequent to the filing of this appeal, our supreme court provided guidance regarding the distribution of a pending personal injury claim. *Richardson v. Richardson,* 139 Wis. 2d 778, 785–86, 407 N.W.2d 231, 234–35 (1987). Therefore, we reverse and remand this portion of the judgment for the trial court's consideration in light of *Richardson.*

No costs to either party.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.