In re the Marriage of:

Gary Delbert Richmond, Petitioner-Appellant,

v.

Carol Kay Richmond, Respondent-Respondent.

Court of Appeals

*No. 01–1064. Submitted on briefs December 10, 2001.—Decided December 28, 2001.*

2002 WI App 25

(Also reported in 640 N.W.2d 220.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Timothy D. Anderson* of Chippewa Falls.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Stephanie L. Finn* and *Herrick, Hart, Duchemin, Spaeth, Sullivan & Schumacher, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Gary Richmond appeals his judgment of divorce from Carol Richmond. He argues that the trial court erroneously exercised its discretion when it included in the property division the appreciation in value of the farm gifted to Gary by his parents. He contends the trial court applied the wrong legal standards and that the appreciation was not a product of the marital partnership, but resulted exclusively from changes in the market. Gary also argues that the trial court erred when it reserved the issue of child support, did not apply the percentage standards for a split custody situation and failed to make specific findings as required in order to deviate from the percentage standards.

¶ 2. We conclude that the trial court did not specifically (1) find whether the contributions of Carol or Gary were in fact a catalyst for the rapid increase in the value of the farm between 1995 and 1999, or (2) make the child support findings required by Wis.

649

STAT. § 767.25(1n).[1] Under § 767.25(1n), the trial court must state on the record or in writing why applying the percentage standards would be unfair to a child or parent, what the support would have been if the percentage standards had been applied, the amount by which the award deviates from the percentage standards, its reasons for finding that use of the percentage standards is unfair, the basis for its modification of the award and its reasons for the amount of modification. Therefore, we reverse the judgment and remand for findings consistent with this opinion.

## BACKGROUND

¶ 3.   Gary and Carol Richmond were married in 1982 and have three children. After they were married, Gary and Carol moved to a dairy farm owned by Gary's parents. Gary's parents gifted the farm to him in 1995. Gary filed for divorce on September 10, 1998. The trial court granted Gary's petition for divorce on March 17, 2000.

¶ 4.   On September 20, 2000, the court tried the issues of property division, maintenance and child support. The trial court found that the value of the farm was $165,600 at the time of the gift in 1995. It found the farm appreciated to a value of $329,000 in 1999. The court considered contributions made by Carol and Gary

---

[1] WISCONSIN STAT. § 767.25(1n) provides:

If the court finds under sub.(1m) that use of the percentage standards is unfair to the child or the requesting party, the court shall state in writing or on the record the amount of support that would be required by using the percentage standards, the amount by which the court's order deviates from that amount, its reasons for finding that use of the percentage standards is unfair to the child or the party, its reasons for the amount of modification and the basis for the modification.

throughout the sixteen-year marriage and determined that the increase in value was due to the "efforts and abilities of this marital partnership and not solely to inflation and market forces" and included the $163,400 appreciation as a marital asset to be divided. The trial court ordered Gary to pay Carol an equalizing payment of $86,645.

¶ 5.   The trial court granted custody of one child to Gary and custody of the other two children to Carol. It also decided, "Child support shall be reserved for now, as I find that each party is financially able to and shall support the children primarily placed in his or her care." Gary appealed.

DISCUSSION

A. PROPERTY DIVISION

¶ 6.   Gary argues that the farm's appreciation was due solely to market forces and did not involve efforts of the marital partnership. The trial court considered the proper legal standards for determining whether to include the appreciation in value of gifted property in the marital estate. Nevertheless, it erroneously exercised its discretion when it considered only contributions to the marriage as a whole and failed to determine whether Carol or Gary's contributions to the marital partnership throughout the marriage were in fact a catalyst for the rapid increase in the farm's value after 1995. WIS. STAT. § 805.17(2). We therefore remand for the court to make that finding.

¶ 7.   As indicated, the trial court identified and applied the correct legal standards. It stated:

> Section 767.255 of the Wisconsin Statutes provides for the exclusion from the marital estate subject to division property that is either acquired by gift or inheritance or

paid for with funds so acquired. However, where gifted or inherited property has appreciated in value during the marriage due to the efforts of both the owning and nonowning spouses, that appreciation will be included in the marital estate. *Schwegler v. Schwegler*, 142 Wis.2d 362, 366 (Ct.App.1987). "Thus, if during the marriage, both spouses contribute to the acquisition of property through their abilities and efforts, that property is part of the marital estate. The property acquired may be the appreciation in value of an asset separately owned by one of the spouses." *Haldemann v. Haldemann*, 145 Wis.2d 296, 302 (Ct.App.1988).

Where the appreciated value of separate property is due solely to general economic conditions, such as inflation or normal appreciation of real estate values, the property remains separate. *Plachta v. Plachta*, 118 Wis.2d 329, 334 (Ct.App.1984). However, where the appreciation of separate property is due to the efforts and abilities of the marital partnership, that appreciation becomes part of the marital estate. *Lendman v. Lendman*, 157 Wis.2d 606, 612 (Ct.App.1990).

¶ 8.    The trial court looked to what the parties did throughout the sixteen-year history of the marriage and found that their mutual contributions and efforts caused appreciation in the farm's value. However, "merely maintaining the marital relationship and performing the customary obligations of one spouse to the other does not constitute a contribution of the nonowning spouse which requires that the appreciation in value of separately owned property be treated as part of the marital estate." *Haldemann v. Haldemann*, 145 Wis. 2d 296, 302, 426 N.W.2d 107 (Ct. App. 1988). The contributions must be related to the increase in value in order for the appreciation to become part of the marital estate and divisible at divorce. *See Plachta v. Plachta*,

118 Wis. 2d 329, 334, 348 N.W.2d 193 (Ct. App. 1984). Here, the trial court did not specifically find that Carol's or Gary's contributions actually were a catalyst to the rapid appreciation of the farm after 1995.

■

¶ 9.  Trial court findings that there was an appreciation in the value of the farm and that efforts of the spouses contributed to an increase in the property's value are insufficient to attribute the entire increase in value to the work of the marital partnership. Theoretically, years of efforts could lay the foundation for a later rapid appreciation of an asset. For example, a couple could plan and prepare to turn the farm into a subdivision. Later, the years of planning could come to fruition when a market for the subdivision materializes. The property's value would then likely appreciate rapidly, as hoped and anticipated. However, it is at least as likely that the contributions of both spouses may have only contributed to the value of the farm as of the time it was gifted to the donee (1995, in this case). This does not necessarily demonstrate that the marital efforts contributed to a later significant appreciation in value over a short period of time.

¶ 10.  Thus, we remand for the trial court to clarify whether efforts by Carol and Gary throughout the marriage were in fact a catalyst for the rapid appreciation of the farm's value from 1995 to 1999, or whether the rapid increase in value was due to market forces. If the trial court finds the contributions were not a catalyst, then it should consider the respondent's hardship argument, which it did not reach in light of its initial ruling.

## B. CHILD SUPPORT

¶ 11.   Gary also argues the trial court erred when it reserved the issue of child support and did not apply the percentage standards for a split custody situation. He contends that court did not make the findings required under WIS. STAT. § 767.25(1m) and (1n). We agree.

¶ 12.   The interpretation of a statute and its application to a set of facts are questions of law we review de novo. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999). A trial court may modify the amount of child support payments determined by application of the percentage standards if it deems them unfair after considering the factors set forth in § 767.25(1m). Then the court must state in writing or on the record why the use of the percentage standards would have been unfair to a parent or child, what the support would have been if the percentage standards had been applied, the amount by which the court's order deviates from the standards, its basis for adjusting the payments and its reasons for the amount of modification. WIS. STAT. § 767.25(1n).

¶ 13.   The record demonstrates that the trial court did not make these required findings, thereby erroneously exercising its discretion. WIS. STAT. § 805.17(2). We reverse the court's child support determination and remand to the trial court to make the statutorily required findings.

*By the Court.*—Judgment reversed and cause remanded with directions.