568 P.2d 98 (1977)
In re the MARRIAGE OF Rosanna Darlene THOMPSON, Appellee, and
James B. Thompson, Appellant.
No. 76-355.
Colorado Court of Appeals, Div. I.
June 9, 1977.
Rehearing Denied June 30, 1977.
Certiorari Granted September 6, 1977.
*99 Yegge, Hall & Evans, Robert S. Treece, Karl P. Mattlage, Denver, for appellee.
Robert H. Gleason, Steamboat Springs, Mason, Reuler & Peek, P. C., William M. Peek, Rosanne M. Hall, Denver, for appellant.
COYTE, Judge.
In this dissolution of marriage action, the husband, James Thompson, seeks review of that portion of the trial court's order relating to distribution of property. We reverse the judgment and remand the cause for further proceedings.
Prior to their marriage, the parties entered into an agreement which provided in relevant part:
"It is hereby agreed . . . that all increase in the net value of the assets of the parties hereto . . . shall be equally owned by the parties hereto, regardless of how title is held to any such assets."
The trial court concluded that it was bound by the terms of the agreement and therefore, after determining the increase in value of the assets, awarded one-half of that *100 amount to appellant and the remaining one-half to appellee; however, the trial court did not set aside to appellee the property which she brought to the marriage.
Appellant maintains that the trial court abused its discretion in failing to consider the factors relevant to a disposition of marital property. See § 14-10-113(1), C.R.S. 1973; Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972). We agree.
As a general principle, antenuptial agreements will be given effect in this state. In re Marriage of Franks, Colo., 542 P.2d 845 (1975); see also Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440 (1962); Jekot v. Jekot, 32 Colo.App. 118, 507 P.2d 473 (1973); but see In re Estate of Duncan, 87 Colo. 149, 285 P. 757 (1930). However, even assuming the agreement here to be valid, we conclude that its provisions neither required nor authorized the trial court to forego the exercise of its discretion in its order of distribution.
While the agreement refers to "equal ownership" of the increased value of the assets, it does not specify the manner in which the property is to be divided. Thus, the agreement in this respect amounts to no more than a recognition that the increase constituted "marital property," rather than the separate property of the spouses, which legal consequence would have obtained in the absence of an agreement. See § 14-10-113(2), C.R.S.1973.
Contrary to appellee's argument, we do not deem the equal ownership provision of the agreement to be clearly analogous to a business arrangement in which the fact of ownership is determinative of distribution of profits. Both the agreement and relevant statutory provisions, see § 14-10-113(3), C.R.S.1973, provide that possession of title is not dispositive of the method of distribution of marital property. Further, although an antenuptial agreement may be recognized as a valid contract, the marital relationship itself is not merely a contractual arrangement between the parties but is a creation of the state and subject to legislative regulation. In re Marriage of Franks, supra. Accordingly, when, as here, an antenuptial agreement does not provide for the distribution of marital property upon the dissolution of the marriage, then the applicable legislative provisions are controlling.
It is immaterial that, as appellee maintains, she could be awarded a larger settlement pursuant to the statute than that which she received under the agreement. To assume that such a division would necessarily result from application of the statutory factors would be to substitute our judgment for the discretion of the trial court, and division of property in a dissolution action is in the first instance a matter of the trial court's discretion. Carlson v. Carlson, supra.
Appellant also contends that the trial court's findings as to the value of certain real property is not supported by the evidence. We disagree.
Both parties presented the testimony of expert witnesses concerning the value of the real property. The husband, a licensed realtor who had been active in the local real estate market for a number of years, also testified regarding the increased value of the property. In addition, the record contains financial affidavits prepared by the husband at various times throughout the marriage and real estate listings fixing a sale price for the property. This constituted ample evidence in support of the court's finding relative to valuation.
Contrary to appellant's assertion, we perceive no abuse of discretion in the trial court's award of temporary maintenance pending the division of property. The record contains evidence to support such an award, see § 14-10-114, C.R.S.1973, and we conclude that the order should remain in effect until a final distribution of the parties' assets.
Our disposition of the case renders appellant's remaining assignments of error premature at this time.
The judgment is reversed and the cause remanded with directions to distribute the property of the parties in conformance with the provisions of § 14-10-113, C.R.S.1973.
SMITH and STERNBERG, JJ., concur.