165 N.J. Super. 558 (1979)
398 A.2d 921
IRENE PASCARELLA, PLAINTIFF-RESPONDENT,
v.
VICTOR PASCARELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1978.
Decided January 31, 1979.
*560 Before Judges MICHELS and LARNER.
Mr. Harold N. Springstead argued the cause for appellant (Messrs. Aronsohn, Kahn & Springstead, attorneys).
Mr. J. Mortimer Rubenstein argued the cause for respondent (Messrs. Rubenstein & Sherwood, attorneys).
*561 The opinion of the court was delivered by MICHELS, J.A.D.
Defendant Victor Pascarella appeals from several portions of a judgment of the Chancery Division dealing with equitable distribution, alimony and counsel fees.
Plaintiff Irene Pascarella and defendant were married to each other for about 8 1/2 years when plaintiff instituted this action for a divorce on the ground of extreme cruelty. This was the second marriage for both plaintiff and defendant, each having children by a previous marriage. While no children were born to plaintiff during her marriage to defendant, plaintiff's youngest daughter lived with her and defendant in the marital residence, and defendant's three daughters visited frequently and spent weekends with their father and plaintiff.
The trial judge granted plaintiff a divorce on the ground of extreme cruelty. Thereafter a plenary hearing was held with respect to the financial aspects of the divorce. At the conclusion the trial judge among other things, (1) ordered defendant to pay plaintiff $138,008 as her equitable share of the marital property, less credits for furniture; (2) ordered defendant to pay plaintiff $269 a week alimony for the next nine years, and $134.50 a week thereafter, and (3) awarded plaintiff counsel fees of $8,880 to be paid by defendant. This appeal followed.

I
Defendant challenges the equitable distribution, contending that the award to plaintiff of 40% of the marital property was inequitable and unfair since this was the second marriage for both parties, no children were born during the marriage, and the marriage only lasted 8 1/2 years. Additionally, defendant argues that the trial judge erred (1) in determining the value of the marital residence for purposes of distribution by refusing to give him a credit for either the original purchase price of the property or its fair market value at the time he married plaintiff; (2) in calculating the total value of the *562 marital property available for distribution because it failed to deduct a $33,000 debt he owed to his mother, and (3) by requiring him to pay the $138,008 to plaintiff in a lump sum rather than by periodic payments. He also contends that the awards of alimony and counsel fees were excessive.
We are satisfied from our study of the record that the trial judge gave undue weight to "the education of plaintiff, present non-employability, and her mental condition" in awarding her 40% of the marital property. The judge did not properly weigh and evaluate other equally appropriate criteria in reaching its decision as to how to most fairly distribute the marital property. See Painter v. Painter, 65 N.J. 196, 211-212 (1974). Illustrative in this regard is the judge's failure to consider that (1) this was the second marriage for both parties, (2) no children were born during the marriage, (3) the marriage lasted only 8 1/2 years, and (4) plaintiff did not bring any money or property into the marriage. When these factors are properly weighed and evaluated together with all of the other pertinent factors concerning these parties, it is evident that the award of 40% of the total marital assets was excessive and constituted a mistaken exercise of discretion on the part of the trial court. Accordingly, we reverse that portion of the judgment awarding plaintiff $138,008 and remand the matter to the trial court to redetermine the proportion of the marital assets to be awarded plaintiff in accordance with the criteria established in Painter v. Painter, supra, and reaffirmed in such cases as Carlsen v. Carlsen, 72 N.J. 363, 368-369 (1977), and Esposito v. Esposito, 158 N.J. Super. 285, 298 (App. Div. 1978), and on the basis of a valuation which shall be recalculated in accordance with the views expressed hereinafter.

II
The trial judge found that the marital property consisted of the following:

*563
 Marital home $ 54,000 net
 Notes receivable 178,945 net discount
 Cash surrender value 
 life insurance 15,914 actual 1/29/76
 Cash in banks 22,124 actual 1/29/76
 Household furnishings 4,512 agreed
 Pension plan 69,526 net
 ________
 $345,021

The trial judge, in determining the parties' distributable assets and their respective amounts, did not make any deduction for the $33,000 debt which defendant owed to his mother. This $33,000 debt was incurred by defendant during his marriage to plaintiff, was a debt of the marriage and, therefore, should have been deducted from the total value of the marital property in calculating the net value of the assets subject to equitable distribution.
Moreover, while plaintiff did not file a cross-appeal challenging the equitable distribution, nevertheless, she claims that the trial judge failed to include as assets of the marriage (1) defendant's interest in a partnership property located at Wortendyke Avenue in Emerson, New Jersey, and (2) $100,000 which was in defendant's bank account during the marriage and subsequently invested by him in Valley Timber & Deck Sales, Inc. The judge did not include defendant's interest in the Wortendyke Avenue property as an asset of the estate, concluding that it was "of a value sufficiently minimal to not be of consequence in the total valuation of the marital estate subject to equitable distribution," and did not make any determination with respect to, or even mention, the $100,000.
While plaintiff concedes that defendant's interest in Valley Timber & Deck Sales, Inc., organized after this action was instituted, is not an asset subject to distribution, she argued the $100,000 is. We agree. The proofs show that during the marriage defendant sold his interest in Emwood Lumber Company, receiving notes and $95,000 in cash therefor. This $95,000, together with other moneys defendant *564 had, made up the $100,000 which he invested in Valley Timber & Deck Sales, Inc. after the divorce action was instituted. Consequently, the $100,000 was an asset of the marriage and subject to equitable distribution. Cf. Borodinsky v. Borodinsky, 162 N.J. Super. 437, 446-448 (App. Div. 1978). On remand, the trial judge should include it in calculating the total value of the marital property to be distributed. Additionally, the judge should determine the fair market value of the Wortendyke Avenue property and the amount of defendant's interest therein, and include that amount, even if minimal, in reaching the total value of the marital estate for purposes of distribution.
There is no merit to the other contentions raised by defendant in support of his challenge to the equitable distribution. The trial judge properly considered the present fair market value of the marital residence, less the outstanding mortgage, as an asset of the marriage. While defendant had acquired the marital residence prior to his marriage to plaintiff, during the marriage he executed a deed conveying title to plaintiff and himself as tenants by the entireties. This conveyance constituted a gift to plaintiff, and thus the marital residence became property of the marriage subject to equitable distribution. See Canova v. Canova, 146 N.J. Super. 58, 61-62 (Ch. Div. 1976). See also, Olen v. Melia, 141 N.J. Super. 111 (App. Div. 1976), certif. den. 71 N.J. 518 (1976), Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), certif. den. 69 N.J. 391 (1976). Therefore, in determining the value of the residence for purposes of distribution, the trial judge properly refused to permit evidence of, or give defendant credit for, either his original investment in the property or its market value at the time he married plaintiff. Additionally, the judge did not mistakenly exercise his discretion by requiring defendant to pay plaintiff her distributive share of the property in a lump sum. See Borodinsky v. Borodinsky, supra, 162 N.J. Super. at 444. In the circumstances of this case, there was *565 no just reason to withhold immediate payment to plaintiff of her entire share.

III
It is clear from the trial judge's opinion that, had he made a different allocation of assets to the parties, he may well have made a different alimony award to plaintiff. Thus, since we have vacated and set aside that portion of the judgment dealing with the payment of plaintiff's distributive share of the property, and remanded the matter for further proceedings consistent with what has been said above, and because of the close relationship of the award of alimony to equitable distribution, the award of alimony should also be reviewed by the trial judge. However, pending such review and decision, all alimony payments as ordered below are to be continued. Painter v. Painter, supra, 65 N.J. at 218.

IV
Finally, we are convinced that the trial judge erred in awarding plaintiff counsel fees of $8,880 to be paid by defendant. Plaintiff had been awarded a substantial part of the matrimonial estate by way of equitable distribution, and this should have been taken into consideration by the judge in deciding whether to award her counsel fees, and in fixing the amount to be assessed against defendant. Shaffer v. Shaffer, 154 N.J. Super. 491, 495-496 (App. Div. 1977).
Accordingly, those portions of the judgment (1) ordering defendant to pay plaintiff $138,008, less credits for furniture, as her equitable share of the property; (2) ordering defendant to pay plaintiff $269 a week alimony for nine years and $134.50 a week thereafter, and (3) awarding plaintiff counsel fees of $8,880 to be paid by defendant, are reversed and vacated, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. We direct that the trial judge may make his determination of the equitable distribution, alimony and counsel *566 fee issues on the basis of transcripts of evidence already taken, subject to supplementation by such other evidence as the parties or the judge may deem appropriate or necessary. At the conclusion thereof, we direct that the trial judge make adequate findings of fact and conclusions of law. We do not retain jurisdiction.
Neither counsel fees nor costs are awarded to either party on this appeal.