600 P.2d 93 (1979)
In re the MARRIAGE of May H. HOWARD, Appellee, and
Burton Fuller Howard, Appellant.
No. 78-116.
Colorado Court of Appeals, Div. I.
May 17, 1979.
Rehearing Denied June 28, 1979.
Certiorari Denied September 10, 1979.
*94 F. James Voss, Denver, for appellee.
Tinsley, Frantz, Fleming & Davidson, P. C., Albert T. Frantz, Lakewood, for appellant.
COYTE, Judge.
In this dissolution of marriage proceeding, the wife was awarded a motel purchased by the couple during their marriage. Husband appeals and we affirm.
The parties were married five months prior to the filing of the petition for dissolution. Each party retained the property he or she had acquired prior to the marriage. The only substantial property acquired during the marriage was the motel, which husband alleges, and wife admitted at the hearing on property division, was purchased to be operated by the parties as an equal partnership. Thus, husband argues, the motel should not have been treated as marital property, but rather as partnership property subject to an accounting and equal division pursuant to partnership law. We disagree.
Section 14-10-113(3), C.R.S.1973, establishes a presumption in favor of marital property:
"All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section."
Subsection 2(d) provides that property acquired during the marriage is not marital property where it is excluded by valid agreement of the parties.
The form in which title is held is not dispositive in determining whether property is marital. In re Marriage of Thompson, 39 Colo.App. 400, 568 P.2d 98 (1977); In re Marriage of Altman, 35 Colo. App. 183, 530 P.2d 1012 (1974). Husband argues that by purchasing the motel as partnership property, the assets of the partnership are excluded from marital property. We disagree. The formation of the partnership and acquisition of the motel by the partnership is of no significance in itself. In order for the property to be considered as other than marital property under § 14-10-113(2)(d), C.R.S.1973, the parties must have expressly agreed that the partnership assets would not become marital property. Otherwise, the question is one of intent of the parties, to be found as a fact by the trial court. Here the trial court found that there was no such intent to exclude the partnership assets from marital property. This factual issue was resolved against the *95 husband, and since the finding is supported by evidence, it will not be disturbed on review. In re Marriage of Davis, 35 Colo. App. 447, 534 P.2d 809 (1975).
The trial court's finding that the property was marital negates the husband's argument that the property should have been equally divided. Division of marital property upon dissolution of marriage is a matter within the sound discretion of the trial court, and such division may not be overturned absent a finding of abuse of discretion. In re Marriage of Icke, 35 Colo. App. 60, 530 P.2d 1001 (1974), aff'd, 189 Colo. 319, 540 P.2d 1076 (1975). There is no requirement that the court divide property with precise equality in order to achieve an equitable division. In re Marriage of Schulke, 40 Colo.App. 473, 579 P.2d 90 (1978). Here, the trial court's division was based upon the contribution made by each party to the purchase of the motel, and consideration of this factor is proper under § 14-10-113(1)(a), C.R.S.1973. Moreover, the trial court did not err in considering actual contributions, rather than husband's unsecured promise to pay the wife for part of his contribution toward the down payment. In the property settlement judgment, the unsecured obligation to the wife was cancelled.
The husband further alleges error in the trial court's failure to grant husband a continuance to attempt to secure information about the financial affairs of the motel. The record reveals that husband was familiar with the motel operation and had access to its business records for two months after the petition for dissolution was filed, that no discovery procedures were ever pursued by the husband's attorneys, and that prior to the hearing he was furnished a copy of financial statements relating to the motel. Thus, the husband has failed to show any injury resulting from the trial court's refusal to allow a continuance, and denial of the continuance was within the discretion of the trial court. See People v. Holcomb, 187 Colo. 371, 532 P.2d 45 (1975); Catron v. Catron, 40 Colo.App. 476, 577 P.2d 322 (1978).
Judgment affirmed.
PIERCE and KELLY, JJ., concur.