In re the MARRIAGE OF Arthur L. STUMPF, Appellee,

and

Joana Stumpf, n/k/a Joana Funayama, Appellant.

No. 95CA1635.

Colorado Court of Appeals, Div. V.

Nov. 29, 1996.

Rehearing Denied Jan. 23, 1997.

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Steven M. Segall, Lakewood, for Appellee.

Lohf, Shaiman & Jacobs, P.C., Stephen E. Kapnik, Gina B. Masterson, Charles H. Jacobs, Denver, for Appellant.

Opinion by Judge JONES.

In this dissolution of marriage action, Joana Stumpf (wife) appeals from the permanent orders for property division which awarded Arthur L. Stumpf (husband) a residence he owned prior to the marriage. We affirm.

A decree of dissolution terminated this three-year marriage. The marital residence was a home that husband had owned for 40 years with his former wife, now deceased. Shortly after the marriage, husband had conveyed that home to himself and his new wife as joint tenants. The trial court found that there was no duress or undue influence which diminished husband's capacity to transfer such title. It, therefore, included the residence as an asset in its equitable division of marital property.

I.

The wife first contends that the trial court erred as a matter of law when it held that her interest in the residence was marital property. We disagree.

## A.

In the case of *In re Marriage of Moncrief,* 36 Colo.App. 140, 141, 535 P.2d 1137, 1138 (1975), a division of this court determined that, "when one spouse causes title to be placed jointly with the other spouse, a gift is presumed and the burden to show otherwise is upon the donor." The court there rejected the husband's argument that the residence which he had purchased during the marriage with premarital funds was not marital property under § 14–10–113(2)(b), C.R.S. (1987 Repl.Vol. 6B) (property acquired in exchange for property acquired before the marriage). The court reasoned that the parties' explanation that the title was placed in joint tenancy in order to avoid inheritance taxes did not overcome the presumption that a gift had occurred; it merely expressed a reason the gift was made.

## B.

■ In this case, the wife acknowledges the rule adopted in *Moncrief.* However, she argues that under § 14–10–113(2)(a), C.R.S. (1987 Repl.Vol. 6B), the husband's gift to her of a portion of the marital home created a separate property interest in that asset that the trial court was required to return to her. We disagree.

■ Under § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B), the trial court is required to set apart to each spouse his or her non-marital property and to divide the marital property. Section 14–10–113(3), C.R.S. (1987 Repl.Vol. 6B) establishes a presumption in favor of marital property:

All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section.

Furthermore, the form in which title is held is not dispositive in determining whether property is marital. *In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (1979).

Section 14–10–113(2), C.R.S. (1987 Repl. Vol. 6B) provides that:

For purposes of this article only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift . . .

(b) Property acquired in exchange for property acquired prior to the marriage . . .

. . . .

(d) Property excluded by valid agreement of the parties.

Thus, in the absence of a specific provision similar to that adopted in some states, § 14–10–113(2)(a), C.R.S. (1987 Repl.Vol. 6B) does not distinguish between gifts from third parties and gifts between spouses.

Considerable litigation has concerned the issue whether a gift from one spouse to the other of all or part of an interest in property constitutes marital or separate property. Most courts, some following *In re Marriage of Moncrief, supra,* recognize a presumption that the transfer of the title to a home from the name of one spouse to the names of both is a gift to the marital estate, thus making the house marital property. 1 *Valuation & Distribution of Marital Property* § 3.03[2][d] at 3–18 (M. Bender 1996). *See McLean v. McLean,* 323 N.C. 543, 374 S.E.2d 376 (1988); *Bonnell v. Bonnell,* 117 Wis.2d 241, 344 N.W.2d 123 (1984); *Atkinson v. Atkinson,* 87 Ill.2d 174, 57 Ill.Dec. 567, 429 N.E.2d 465 (1981); *Carter v. Carter,* 419 A.2d 1018 (Me. 1980).

## C.

■ If statutory language is susceptible of different meanings, a court must attempt to ascertain the General Assembly's intention in enacting the statute so as to carry out its intended purpose. *In re Marriage of Swink,* 807 P.2d 1245 (Colo.App.1991). In doing so, the court may consider not only the language of the statute, but also the reason and necessity of the law and the objective that the

statute sought to accomplish. *In re Marriage of Cargill*, 843 P.2d 1335 (Colo.1993).

Here, an ambiguity under § 14–10–113 is created when one spouse provides a gift to the other because the exception of separate property created by § 14–10–113(2)(a) conflicts with the presumption established by § 14–10–113(3), that all property acquired during the marriage is presumed to be marital property regardless of how it is titled. Thus, we construe the statute to effectuate the general purpose of the Uniform Dissolution of Marriage Act (Act), *i.e.,* to make the law uniform with respect to the subject of the Act among those states that have enacted it. Section 14–10–104, C.R.S. (1987 Repl.Vol. 6B).

*Moncrief* was decided in 1975, and it did not expressly consider the argument advanced here by the wife. However, the rule that case implicitly established—that when a spouse causes title to be placed in the joint names of the parties, the trial court must treat such property as marital property when determining an equitable distribution of property—has been cited as such with approval in a number of subsequent and recent decisions. *See In re Marriage of Finer*, 920 P.2d 325 (Colo.App.1996); *In re Marriage of Sewell*, 817 P.2d 594 (Colo.App.1991) (premarital funds); *In re Marriage of Gercken*, 706 P.2d 809 (Colo.App.1985).

Furthermore, because § 14–10–113 has not been amended since *Moncrief,* despite a number of amendments to other sections of the Act, we can assume that the General Assembly was cognizant of, and approved, this court's interpretation of § 14–10–113(2)(a). *See Meurer, Serafini & Meurer, Inc. v. Skiland Corp.,* 38 Colo.App. 61, 551 P.2d 1089 (1976).

█ Consequently, we agree with the majority of the courts, some of which are in jurisdictions that have adopted the Uniform Act, and others in states with comparable statutory provisions, that have addressed the precise issue raised by wife. Therefore, we expressly conclude, as *Moncrief* did implicitly, that the exception from the definition of marital property for any property acquired by gift has no application to a transfer during the marriage from one spouse to both spouses in joint tenancy. *Carter v. Carter, supra. See Atkinson v. Atkinson, supra; Conrad v. Bowers,* 533 S.W.2d 614 (Mo.App.1975); *Bonnell v. Bonnell, supra. See also Turpin v. Turpin,* 403 A.2d 1144 (D.C.App.1979); *Pascarella v. Pascarella,* 165 N.J.Super. 558, 398 A.2d 921 (1979); *McLean v. McLean,* 323 N.C. 543, 374 S.E.2d 376 (1988). *But see Grant v. Zich,* 300 Md. 256, 477 A.2d 1163 (1984).

Instead, in the absence of appropriate evidence that the property was excluded from being marital property by a valid agreement of the parties, *see* § 14–10–113(2)(d), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Howard, supra,* such a transfer must be understood as evidencing an intention to transfer the property to the marital estate.

This conclusion is consistent with the fundamental concept underlying the Act that marriage is a partnership or shared enterprise and that the division of property should be based, in part, upon the relative contributions of the parties. *See generally* Comment, *The Maine Marital Property Act: The Duties of Divorce Courts and the Right to an Equitable Share of Marital Assets,* 31 Me. L.Rev. 333 (1980); Krauskopf, *A Theory for "Just" Division of Marital Property in Missouri,* 41 Mo. L.Rev. 165 (1976).

This policy is expressed in Colorado by the presumption in § 14–10–113(3) that property acquired after a marriage is marital regardless of how title is held. It is also manifested in the mandate of § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B) to distribute property equitably, not necessarily equally. *See Carter v. Carter, supra.* Thus, we reject the wife's assertion that *Moncrief* stands for the rule that property transferred to the spouses jointly must be divided equally, as it was in that case.

## II.

█ Based on the undisputed findings, the wife also asserts that the trial court abused its discretion as a matter of law when it awarded the husband a disproportionate share of the marital property. We disagree.

849

The trial court has broad discretion in dividing marital property, *see In re Marriage of Sewell, supra*, and the division must be equitable but not necessarily equal. *In re Marriage of Jaeger*, 883 P.2d 577 (Colo. App.1994). The key consideration is fairness, not mathematical precision. *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988). Thus, a court's determination on property division will not be disturbed absent a manifest abuse of discretion. *In re Marriage of Nixon*, 785 P.2d 151 (Colo.App.1989).

Here, the trial court acknowledged that there was a very wide variance in the amount of property awarded to each party, but found that the overriding factor contributing to the fairness of such distribution was that the husband had contributed the $100,000 marital home to the estate during a relatively short marriage. The court also considered the husband's financial contributions during the marriage, the economic circumstances of the parties, and the parties' ages, before concluding that the husband should receive total net property having a value of $49,471 and that the wife should receive $3,406.

We note that the wife did not designate to this court the entire record of the trial court proceedings. Thus, our review as to disposition of marital property is necessarily limited. However, based on so much of the record as is before us, we conclude that the trial court's division of property was not manifestly an abuse of discretion. *See In re Marriage of Sorensen*, 679 P.2d 612 (Colo.App. 1984) (facially disproportionate division awarding one spouse $138,000 and other $19,000 not inequitable when principal asset was floral business awarded to wife).

The judgment is affirmed.

RULAND and TAUBMAN, JJ., concur.