In re the MARRIAGE OF Frank R. BARTOLO, Jr., Appellant,

and

Joan E. Bartolo, Appellee.

No. 97CA1451.

Colorado Court of Appeals, Div. I.

Dec. 24, 1998.

Mullans, Piersel, & Reed, P.C., Douglas D. Piersel, Pueblo, Colorado, for Appellant

Larry L. McCray, Pueblo, Colorado, for Appellee

Opinion by Judge METZGER.

Frank Bartolo, Jr., (husband) appeals the permanent orders dissolving his marriage to Joan E. Bartolo (wife). We affirm.

Before the parties' marriage, wife and her mother owned a residence as joint tenants. After the marriage, the parties resided there and the residence was conveyed to them as joint tenants.

When they began to experience marital difficulties, wife requested that husband re-

convey the residence to her; husband and wife then executed a quitclaim deed conveying the residence to wife. The deed specified that it was a "gift deed," and it was recorded in April 1995. Husband vacated the premises in June 1995, when the parties separated.

The trial court found that husband's execution of the deed constituted a gift of his interest in the residence to wife; therefore, it concluded, the residence was wife's separate property and was not subject to equitable distribution. Likewise, the court found that husband had given an automobile to wife for her birthday and, thus, determined that that vehicle was also wife's separate property. The court divided rest of the marital property, and since this division resulted in husband's receipt of $404,449 in property, and wife's receipt of $182,735 in property, husband was ordered to balance the division by making a $110,857 cash payment to wife.

Husband was ordered to pay wife child support of $730.07 per month. Wife was also awarded maintenance of $2,500 per month.

## I.

Husband first contends the trial court erred in finding that he had made a gift to wife by conveying his interest in the residence to her. We disagree.

■ Generally, all property acquired by either spouse during the marriage is presumed to be marital property. Section 14–10–113(3), C.R.S.1998. That presumption can be overcome by showing that the property was acquired by gift or was excluded by valid agreement of the parties. Sections 14–10–113(2) and 14–10–113(3), C.R.S.1998. Those considerations hinge fundamentally on the intent and acts of the parties, which, in turn, are questions of fact for the trial court to resolve. *Love v. Olson,* 645 P.2d 861 (Colo.App.1982).

We reject husband's argument that the decision in *In re Marriage of Stumpf,* 932 P.2d 845 (Colo.App.1996), mandates that the residence must be considered to be marital property. The court there held:

[T]he exception from the definition of marital property for any property acquired by gift has no application to a transfer during the marriage from one spouse to both spouses in joint tenancy.... Instead, in the absence of appropriate evidence that the property was excluded from being marital property by a valid agreement of the parties ... such a transfer must be understood as evidencing an intention to transfer the property to the marital estate.

*In re Marriage of Stumpf, supra,* 932 P.2d at 848.

Here, in contrast, the property, which had been titled in joint tenancy, was transferred to only one spouse. Thus, this was not necessarily a gift to the marital estate, as in *In re Marriage of Stumpf, supra.*

■ And, we do not agree with husband's contention that his testimony—that he did not intend the conveyance to wife to constitute a gift—should be dispositive on that issue. Even if we were to assume the evidence was admissible, because intent is a question of fact for the trial court to resolve, considerations of credibility are appropriate. The trial court was free to consider all the relevant facts and circumstances in making its determinations. *In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (Colo.App. 1979).

The trial court concluded that the §14–10–113(3) presumption concerning marital property had been overcome by clear and convincing evidence. Its findings in support of that conclusion were:

a. [Husband] executed a lawful conveyance, which effected a total divestiture of all his right, title, and interest in the property.

b. The deed was recorded, which took away any power of control from [husband] and vested absolute control with [wife] by placing the property beyond his control.

c. The property, prior to marriage, had been [wife's] father's, and then held in joint tenancy with [wife's] mother.

d. [Husband], within a few weeks [of the conveyance], vacated the premises permanently.

e. [Wife] now is residing permanently on the property.

Thus, [husband's] execution and delivery of the deed and vacating the premises, together with [wife's] recordation of the deed and possession, demonstrates [husband's] donative intent, by clear and convincing evidence. Moreover, [husband] could hardly have expected a reconciliation if he did not, in fact, unconditionally give up his marital interest in order to restore the property to [wife] as her sole and separate property.

These findings are fully supported by the record. Thus, we will not disturb the trial court's determination that the residence was wife's separate property. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## II.

■ Next, husband contends the trial court erred in classifying an automobile as wife's separate property. The trial court found that the automobile was registered in wife's name only. Both parties agree, however, that the automobile was, in reality, registered in the names of both parties. Husband argues that this fact requires a determination that the automobile was marital property. We do not agree.

We reject husband's contention that, in light of the decision in *In re Marriage of Stumpf, supra,* any gift of personal property from one spouse to the other must be deemed to be marital property. Instead, we hold that the provisions of §14–10–113(3) should apply and, while a presumption of marital property arises, either party should be free to argue that the exclusions in §14–10–113(2) overcome that presumption.

Here, the trial court's findings reflect its assessment of all the evidence and support its conclusion that wife overcame the presumption that the automobile was marital property and established that it had been a gift to her and, thus, constituted separate property.

The trial court found the automobile had been a birthday present from husband to wife and that she was its predominant user and had retained possession of it. These findings are sufficient to support the conclusion that the presumption of marital property in §14–10–113(3) had been overcome.

## III.

Husband contends the trial court should have included the interest accruing on wife's PERA retirement account in her gross income for purposes of calculating child support. However, this issue was not raised before the trial court; thus, we will not address it. *See Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo.1985)

## IV.

Next, husband contends the trial court erred in finding that wife had met the threshold need for maintenance. We find no error.

■ An award of maintenance to a spouse is appropriate if that spouse lacks sufficient property, including marital property awarded, to provide for his or her reasonable needs, and is unable to support himself or herself through appropriate employment. Section 14–10–114(1), C.R.S.1998; *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987).

The phrases "reasonable needs" and "appropriate employment" have been liberally construed. Thus, determination of a spouse's reasonable needs is dependent on the particular facts and circumstances of the marriage, while appropriate employment hinges upon the parties' economic circumstances and reasonable expectations established during the marriage. *In re Marriage of Olar, supra.*

■ The determination of the threshold need entitling a spouse to an award of maintenance is a question of fact. *In re Marriage of Olar, supra.* Absent an abuse of discretion, a trial court's award of maintenance will not be reversed, *In re Marriage of Huff,* 834 P.2d 244 (Colo.1992), and when the order is supported by competent evidence, it should not be disturbed on review. *In re Marriage of Caufman,* 829 P.2d 501 (Colo.App.1992).

■ Here, the trial court considered the appropriate factors in determining that wife met the threshold need for maintenance. It concluded that wife was entitled to maintenance based on her age, the relinquishment

of her teaching career seven years earlier at husband's request, her resulting diminished pension benefits, and the expectation of the parties that wife would devote herself to being a full-time homemaker and mother. Inasmuch as these findings are supported by the evidence, we are bound by them.

Husband also argues that the balancing payment is sufficient to provide wife with living expenses for the next three to four years. However, since wife should not be required to deplete her share of the marital property in order to qualify for maintenance, her receipt of the balancing payment cannot be viewed as a substitute for maintenance. *See In re Marriage of Nordahl,* 834 P.2d 838 (Colo.App.1992).

The judgment is affirmed.

Judge PLANK and Judge ROTHENBERG, concur.