**In re the Marriage of Sammy J. MARTINEZ, Appellant,**

v.

**Gloria N. GUTIERREZ–MARTINEZ, Appellee.**

No. 02CA0559.

Colorado Court of Appeals, Div. V.

April 10, 2003.

Certiorari Denied Oct. 6, 2003.

Brian DeBauche & Associates, L.L.C., Brian DeBauche, Denver, Colorado, for Appellant.

Scheideler & Associates, P.C., Joseph Scheideler, Chris Matz, Dwight H. Mann, Denver, Colorado, for Appellee.

Opinion by Judge NIETO.

In this dissolution of marriage proceeding between Sammy J. Martinez (husband) and Gloria N. Gutierrez–Martinez (wife), husband appeals from the property division entered as part of the trial court's permanent orders. We affirm in part, reverse in part, and remand for further proceedings.

The parties married in 1992. They had no children together and the primary issues concerned the valuation and division of the marital estate. The decree dissolving their marriage was entered by the court on May 3, 2001.

## I.

Husband first contends that the trial court erred in failing to include certain real property as a marital asset. We disagree.

The trial court found, with record support, that this property was previously owned by wife's sister and was her residence. The sister began having difficulties and was in jeopardy of losing her house to foreclosure. The court further found that, because the sister was unable to refinance her mortgage, she transferred title to the house to wife, who then refinanced it on her sister's behalf. The evidence was undisputed that the sister continued to reside in the property and remained solely responsible for its upkeep, maintenance costs, insurance premiums, and mortgage payments. Wife testified that her sister owned the house, and wife disclaimed any beneficial ownership of the house. Nothing in the record suggests that wife received any beneficial interest from the title transfer. The court held that the sister was the owner of the property notwithstanding that title was in wife's name.

The presumption that property acquired during the marriage is marital property may be overcome by showing that the property was obtained by one of the methods listed in § 14–10–113(2), C.R.S.2002. However, the form in which title is held is not

dispositive in determining whether property is marital. *In re Marriage of Stumpf,* 932 P.2d 845 (Colo.App.1996).

■ The trial court, in effect, held that a resulting trust arose when the sister conveyed title to wife. "A resulting trust is a trust implied by law when the circumstances surrounding the transfer of property raise the inference that the parties intended to create a trust." *Mancuso v. United Bank,* 818 P.2d 732, 738–39 (Colo.1991). The record supports this conclusion.

■ It is fundamental that a trustee holds trust property separate from his or her personal estate, and the trust property is not subject to claims from the trustee's personal creditors. *See Lagae v. Lackner,* 996 P.2d 1281, 1284 (Colo.2000)("A fundamental tenet of trust law is the protection of the trust estate from a trustee's personal creditors."); *Mancuso v. United Bank, supra* (trust funds on deposit with bank may not be applied to trustee's personal debt).

Accordingly, we conclude that where a spouse takes title to property under circumstance that give rise to a resulting trust, that property has not been "acquired" for purposes of § 14–10–113(3), and therefore, the trust property is not part of the marital estate. Thus, the trial court correctly excluded the sister's house as an asset of the marital estate.

Also, because the property was held in trust by wife, it constituted neither an economic circumstance to be weighed in the overall property division nor evidence that husband's economic resources allowed wife to live beyond her ordinary means. Similarly, we conclude that it was unnecessary for the trial court to consider either the value of the car owned by wife's sister under a similar arrangement or the value of the car that wife and her former husband gave to wife's daughter.

## II.

■ Husband next contends that the trial court erred by failing to determine whether two houses owned separately by the parties prior to their marriage had appreciated in value and by failing to consider that appreci-ation in value when dividing the marital estate. We agree.

The first property (Colgate residence) was owned by husband prior to the marriage and was used as the marital residence. Husband continued to make the mortgage payments out of his salary. At the time of the permanent orders hearing, the outstanding balance for the mortgage loan on that property was $32,000.

The second property (W. 32nd residence) was owned by wife prior to the marriage. The parties refinanced that home in 1996 and added husband to the title. They used funds obtained from the refinance to make repairs on the property. Despite the joint ownership, wife continued to make the mortgage payments for that property from her own earnings. At the time of the permanent orders hearing, the balance on the mortgage loan for the W. 32nd residence was approximately $36,000.

The trial court found that the evidence was insufficient to determine the increase in value of the properties or the portion of increased value that was marital property. The court found that each property was the separate property of the party who owned it prior to the marriage and then awarded the separate property and the marital equity in that property, if any, to that party.

Generally, property acquired by either spouse during the marriage is presumed to be marital property. Section 14–10–113(3), C.R.S.2002; *In re Marriage of Bartolo,* 971 P.2d 699 (Colo.App.1998). Marital property also includes any appreciation in the value of separate property or any income produced by separate assets during the marriage. Section 14–10–113(4), C.R.S.2002; *In re Marriage of Seewald,* 22 P.3d 580 (Colo.App. 2001).

■ A property division in permanent orders that omits property without any explanation cannot stand. *In re Marriage of Sim,* 939 P.2d 504 (Colo.App.1997).

Here, the record contained evidence of the premarital value of each property. Husband submitted a 1992 property tax statement for the Colgate property that indicated a value

at that time of $109,100. Husband also submitted a copy of the 1990 sale contract for the W. 32nd residence, which showed that it had been purchased for $30,000. We recognize that this evidence may not be the best source for determining the premarital property values, and the quality of the evidence may affect the weight given to it. However, when we consider this evidence in combination with the parties' evidence that valued each property in excess of $200,000, we are satisfied that the trial court had a sufficient basis to determine the amount of marital appreciation realized in both properties.

The court awarded each party his or her premarital residence, and we do not find such an allocation to be improper. However, because the trial court did not take the properties' appreciation in value into consideration in dividing the martial estate, this matter must be remanded for a new hearing. The court must determine the properties' appreciation in value and the part of the increase that is marital property and then redetermine the property division taking those values into consideration. *See In re Marriage of Wells*, 850 P.2d 694 (Colo.1993)(where property division is remanded for rehearing, the character and value of property are established as of the date of decree of dissolution, but in dividing the marital estate, the court must consider the economic circumstances of the parties at the time of rehearing).

### III.

■ Husband contends that the trial court erred in its valuation of his VALIC annuity. Wife concedes this issue and agrees that the trial court must reconsider its valuation. Because the trial court must reconsider the entire property division, the allocation of this asset must also be reconsidered. Wife concedes that the trial court's classification of the entire asset as marital property is incorrect, and on remand, the trial court should clarify what portion of the annuity is husband's separate property and what portion belongs to the marital estate.

### IV.

■ Husband further contends that the trial court erred in finding that he had improperly dissipated certain funds and incorrectly calculated the amount dissipated. We disagree.

■ Husband prefaces his argument by alleging that the trial court's errors occurred because it adopted the permanent orders drafted and proposed by wife. However, a trial court's adoption of one party's proposed findings and conclusions is not necessarily improper and does not warrant reversal unless the findings themselves are inadequate. *Aztec Minerals Corp. v. State*, 987 P.2d 895 (Colo.App.1999).

■ Generally, property must be valued as of the date of the decree or as of the date of the hearing on the disposition of property, whichever is earlier. Section 14–10–113(5), C.R.S.2002; *In re Marriage of Huston*, 967 P.2d 181 (Colo.App.1998). This statutory provision is mandatory, but if marital assets have been dissipated by a party, those assets must be valued as of the last date they existed as marital property. *In re Marriage of Finer*, 920 P.2d 325 (Colo.App.1996).

Here, the trial court found that husband controlled all investments and had the freedom to withdraw money from the investment accounts as he pleased. It noted that although wife took no active interest in the parties' investments, the funds nevertheless remained marital. The court further found that husband withdrew the disputed funds from the investment accounts in anticipation of the dissolution of marriage and deposited them in accounts not accessible to wife.

These findings provide a reasonable basis for the trial court's conclusion that husband dissipated the amounts in question. It was incumbent upon husband to establish that the funds were used for proper expenses. *See In re Marriage of Meisner*, 715 P.2d 1273 (Colo.App.1985)(inclusion of $45,000 in expended funds as part of marital property did not constitute error where husband controlled the funds and did not establish that such funds were expended in the usual course of business or for necessities).

Despite husband's insistence that the expenditures were legitimate, the trial court was free to believe all, any part, or none of his testimony, even when it was uncontroverted. *See In re Marriage of Bowles*, 916 P.2d 615 (Colo.App.1995). It is clear from the trial court's findings that it was not persuaded by husband's claim that the withdrawals were used by wife to purchase a house, vehicles, or jewelry.

We have also reviewed the trial court's calculations and find no error. If the withdrawals from the DPS account and the First Bank account are added to the balance remaining in the First Bank account, the sum equals the amount the court considered as marital property and divided between the parties. The withdrawal from the Charles Schwab account was deposited into the First Bank account, and therefore, it was taken into account in the calculation. *See In re Marriage of Finer, supra* (if marital funds are dissipated by one party, the trial court may include their value in the division of marital property); *In re Marriage of Paulsen*, 677 P.2d 1389 (Colo.App.1984)(court properly credited wife with a setoff for marital funds husband kept for himself prior to the parties' separation). However, because the trial court must reconsider the entire property division, the allocation of these marital funds, including the dissipated funds, must also be reconsidered.

## V.

Finally, husband argues that because the value of wife's jewelry represented an investment, the trial court erred in failing to include it in the marital estate. Again, we disagree.

The records contain no evidence that wife's wedding ring and a second diamond ring were purchased as investments. The fact that the diamonds may have been investment grade indicates the quality of the gems, but does not establish they were actually intended to be an investment of marital funds. Moreover, the record reflects that the parties stipulated to a division of their personal property. Consequently, we reject husband's claim that the jewelry was improperly omitted from the property division.

However, the trial court must take this stipulation for division of personal property into account when it reconsiders the entire property division.

Because we must remand for a new hearing on the appreciation in value of the separate properties, we need not consider husband's contention that the trial court improperly received expert testimony on the value of these properties.

The judgment is affirmed as to the exclusion of the sister's house from the marital estate and the determination that husband dissipated marital assets. In all other respects the judgment dividing the marital estate is reversed, and the case is remanded for further proceedings in accordance with this opinion.

Judge TAUBMAN and Judge CASEBOLT concur.