**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1870-17T3

ALLISON ROSEN,

    Plaintiff-Respondent,

v.

JAY ROSEN,

    Defendant-Appellant.

_____

Submitted December 13, 2018 – Decided July 3, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-2767-15.

Micklin Law Group, attorneys for appellant (Adam W. Toraya, of counsel and on the brief).

Fischer Porter & Thomas PC, attorneys for respondent (Arthur L. Porter, Jr., of counsel and on the brief; Alan C. Thomas, on the brief).

PER CURIAM

The parties were married on March 15, 1986. Following a trial limited to the issue of equitable distribution, the court entered a dual judgment of divorce (judgment) on November 6, 2017. The judgment sets forth how the parties' assets are to be distributed and their debts allocated. The court subsequently entered an order on December 12, 2017 (order), which clarified and supplemented the judgment. Defendant challenges those provisions in the judgment and order directing that plaintiff Allison Rosen receive distributions from Leonard Rosen Family, LLC. After reviewing the record and applicable legal principles, we reverse.

The record reveals the following. During the marriage, defendant's father died. Defendant and his two brothers inherited various assets of their father's estate, which included a trust they subsequently converted into an entity titled Leonard Rosen Family, LLC (Rosen). Like his two brothers, defendant received a one-third interest in Rosen, which generates and periodically distributes income to each beneficiary in equal shares. Although during the marriage defendant at times placed and thus co-mingled the distributions he received from Rosen into accounts he jointly held with plaintiff, or used such distributions to pay for certain joint expenses, plaintiff never acquired any ownership interest in Rosen. Rosen has remained an asset owned solely by defendant and his brothers.

A-1870-17T3

After trial, the court entered the judgment, which incorporated its written opinion. In that opinion, among other things, the court set forth how the marital assets are to be equitably distributed between the parties. In paragraph seven of the opinion, the court orders that plaintiff receive fifty-five percent of the distributions from Rosen. As such provision directs plaintiff receive not merely a portion of defendant's share of the distributions from Rosen but also those of his brothers, the court subsequently entered the order clarifying the judgment. In paragraph nine of such order, the court directs that plaintiff receive fifty-five percent of those distributions defendant receives from Rosen, effective the date plaintiff filed her verified complaint for divorce.

Defendant challenges those provisions in the judgment and order that permit plaintiff to receive any distributions from Rosen. For the sake of the record, we are satisfied paragraph nine of the order amends and supersedes paragraph seven of the opinion, which was incorporated into the judgment. That is, what the trial court intended and what it ultimately ordered was that plaintiff receive fifty-five percent of what Rosen distributes to defendant, not that plaintiff receive fifty-five percent of what Rosen distributes to all of its beneficiaries. On appeal, defendant argues that because his ownership interest in Rosen derives from an asset acquired through inheritance, his interest in and

3

any income distributed to him from Rosen cannot be equitably distributed to plaintiff.  We agree.

A trial court in an action for divorce may "effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by [the parties] or either of them during the marriage . . . ."  N.J.S.A. 2A:34-23(h).  An appellate court shall affirm an award of equitable distribution provided "the trial court could reasonably have reached its result from the evidence presented, and the award is not distorted by legal or factual mistake."  La Sala v. La Sala, 335 N.J. Super. 1, 6 (App. Div. 2000).

Property acquired "by either party by way of . . . devise, or intestate succession" is not subject to equitable distribution.  N.J.S.A. 2A:34-23(h).  In addition, the income generated from an exempt asset is also not subject to equitable distribution.  "[T]he income or other usufruct derived from [exempt] property, as well as any asset for which the original property may be exchanged or into which it, or the proceeds of its sale, may be traceable shall similarly be considered the separate property of the particular spouse."  Painter v. Painter, 65 N.J. 196, 214 (1974).

We recognize that commingling exempt property with marital property may render the otherwise exempt property subject to distribution.  See Pascarella

v. Pascarella, 165 N.J. Super. 558, 563-64 (App. Div. 1979). In addition, although the income generated from an inheritance is not subject to equitable distribution, the income may be considered in determining an alimony award. Miller v. Miller, 160 N.J. 408, 422 (1999) (citing Aronson v. Aronson, 245 N.J. Super. 354, 363-64 (App. Div. 1991)).

Here, neither party sought, nor did the trial court award, spousal support. Therefore, there is no need to determine whether the distributions defendant receives from Rosen affects his need for or his ability to pay alimony. Defendant is not asserting any distributions previously co-mingled with the parties' jointly owned assets, invested in a joint asset, or used to pay a joint debt are immune from distribution.

Defendant's sole contention is plaintiff is not entitled to any distribution he receives from Rosen because such income derives from an exempt asset. We agree. There is no question defendant and his two brothers inherited an asset of their father's estate, which defendant and his brothers then converted into Rosen, with each obtaining a one-third interest. Rosen generates income, which it periodically distributes to its three owners, equally. Plaintiff never acquired an ownership interest in such asset. Therefore the distributions from that asset are immune from equitable distribution.

We have considered plaintiff's arguments and determine they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1870-17T3