24CA1201 Marriage of Samuelson 05-22-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1201
Pueblo County District Court No. 23DR30158
Honorable Tayler M. Thomas, Judge

---

In re the Marriage of

Peggy Samuelson,

Appellee,

and

Shawn Samuelson,

Appellant.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Kuhn and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

---

Law Office of Joel M Pratt, Joel M. Pratt, Colorado Springs, Colorado, for Appellee

Griner Legal, LLC, Amy D. Griner Guheen, Lakewood, Colorado, for Appellant

¶ 1    Shawn Samuelson (husband) appeals the maintenance award entered in connection with the dissolution of his marriage to Peggy Samuelson (wife).  We affirm the maintenance award and remand the case to the district court to consider wife's request for attorney fees.

## I.    Background

¶ 2    Husband and wife married in June 2004.  Wife filed the petition for dissolution of marriage in June 2023.  About three months after the petition was filed, the parties stipulated that husband would pay wife $2,759.31 per month in temporary maintenance.  After a contested permanent orders hearing, the district court dissolved the parties' marriage and entered permanent orders.

¶ 3    The permanent orders included a maintenance award to wife in the amount of $2,759.31 per month for ten years.  Husband filed a post-trial motion pursuant to C.R.C.P. 59, asking, as relevant here, the district court to reconsider the term of the maintenance award.  The court granted the motion in part, modifying the maintenance term from ten years to nine years and eleven months.

## II.    Maintenance

¶ 4    Husband appeals contending that the district court erred when it determined the amount and term of the maintenance award and when it used his profit sharing and dividend income to determine the amount of the award.  We aren't persuaded.

### A.    Standard of Review and Applicable Law

¶ 5    We review a district court's maintenance award for an abuse of discretion.  *In re Marriage of Tooker*, 2019 COA 83, ¶ 12.  A court abuses its discretion if it awards maintenance without making statutorily required findings.  *See In re Marriage of Wright*, 2020 COA 11, ¶¶ 19, 33.

¶ 6    When awarding maintenance, the court must determine the amount and term of maintenance that are fair and equitable.  § 14-10-114(3)(a)(III), 3(e), C.R.S. 2024.  To do so, the court must consider the advisory statutory guidelines on the amount and term of maintenance.  § 14-10-114(3)(a)(II)(A), 3(b).  These guidelines are a starting point; they don't create a presumptive maintenance amount or term.  § 14-10-114(1)(b)(II), 3(e).  The court then considers a nonexclusive list of statutory factors to determine the

appropriate amount and term of maintenance, if any, based on the totality of circumstances. § 14-10-114(3)(a)(II)(B), 3(c), 3(e).

## B.    Discussion

### 1.    The Court's Findings

¶ 7    When determining maintenance, the district court found that husband's gross income was $23,085.68 per month. The court considered husband's testimony that he was the president of Salida Winsupply and that he received a regular salary and considerable profit sharing. It noted husband's testimony that once his business made ten percent of its net worth, he was awarded profit sharing based on his sales. Husband further testified that he had the discretion to take a percentage of profit sharing not to exceed sixty-five percent and that in 2023, he took forty-four percent and distributed the remaining amount to his employees. *See* § 14-10-114(3)(a)(I)(A) (court shall make findings about each party's income).

¶ 8    The court found that wife's gross income was $756.00 per month from a chocolate business that she owned and ran. It found that wife had started the chocolate business three years before the permanent orders hearing, but that it had never turned a profit. The court noted wife's testimony that she couldn't make the

chocolate business profitable after leaving the marital home because she didn't have the counter space or air conditioning outside the marital home, but the court also found that the business had not been profitable even when wife lived in the marital home. Accordingly, the court found that the chocolate business wasn't a good faith career choice.

¶ 9    The court found that prior to starting the chocolate business, wife was employed as a manager in a marijuana cultivation business and had made $46,000 during the last year she was employed. However, it found she was unlikely to immediately make a similar amount if she rejoined the workforce today.

¶ 10    The court found wife could work full time and could make $16 an hour. Accordingly, it imputed income to wife of $2,733.33 per month, or $33,280.00 annually. *See* § 14-10-114(3)(a)(I)(A), (3)(c)(II).

¶ 11    The court determined that even with this income imputed to her, wife would still not be able to meet her monthly expenses if not awarded maintenance. The court considered that wife's portion of the marital estate was sizeable and included half of the proceeds from the sale of the marital home, two expensive cars, and no debt,

but also that she would not have life insurance or a retirement account. *See* § 14-10-114(3)(a)(I)(B), (3)(b)(IV), (XIII). And it found that while married the parties lived a lifestyle that allowed wife to not work while husband earned a significant amount of money through his business. *See* § 14-10-114(3)(a)(I)(D), (3)(c)(III).

¶ 12 The court further noted that it need not follow the advisory maintenance guidelines because the parties made over $240,000 per year. *See* § 14-10-114(3.5). And it found that the length of their marriage was 238 months. *See* § 14-10-114(3)(b)(II)(A)-(B).

¶ 13 After considering all of these relevant circumstances, the court concluded that a maintenance award of $2,759.31 per month for a term of nine years and eleven months — instead of ten years — was fair and equitable.

### 2. Husband's Income

¶ 14 Husband argues that the district court erred when it included profit sharing and dividends as part of his income because they were "not guaranteed." Husband asserts that the court "disregarded" the "undisputed facts" that his profit sharing bonus is dependent on the company's performance and that he had testified that business had been down in the first quarter of 2024.

¶ 15    The court acknowledged that only husband's salary was guaranteed. It then found that the "profit-sharing pool" was uncapped once husband's store started making over ten percent of its net worth, that he had the discretion to take a percentage not to exceed sixty-five percent of sales after that point, and that in 2023 he had taken forty-four percent. Accordingly, the court appropriately considered the non-guaranteed nature of husband's profit-sharing income and structure and still found that it was appropriate to include those amounts in its income determination. Husband's argument asks us to reweigh that evidence, which we can't do. *See In re Marriage of Kann*, 2017 COA 94, ¶ 36 ("[O]ur supreme court has . . . expressed unbridled confidence in trial courts to weigh conflicting evidence.").

¶ 16    Husband also argues that his profit-sharing payments were "speculative" and a "mere expectancy" and cites to *In re Marriage of Turner*, 2022 COA 39 (Colo. App. 2022), and *In re Marriage of Miller*, 915 P.2d 1314, 1318 (Colo. 1996). But those cases considered whether a future expectancy, such as stock options or year-end bonuses were marital property subject to division, not whether they could appropriately be considered in the court's income

6

determination when considering maintenance. Indeed, as wife points out, the definition of "income" in section 14-10-114(8)(c)(I)(F) and (W) includes both "dividends" and "[i]ncome from general partnerships, limited partnerships, closely held corporations, or limited liability companies." Husband doesn't contend that these definitions don't apply.

¶ 17 Lastly, husband argues it was error for the court to consider profit sharing as income because wife had already been awarded one half of the profit-sharing bonus from 2024 when the court divided marital savings. But husband doesn't explain, or provide any authority for, his argument that profit-sharing earnings going forward aren't income simply because wife received a portion of a previous year's earnings as part of the property division.

¶ 18 Accordingly, the court didn't err when it considered husband's dividends and profit sharing as part of his gross income for the purpose of maintenance.

### 3. Amount and Term of Maintenance

¶ 19 Husband also argues that wife didn't meet the threshold requirement for maintenance under section 14-10-114(3)(d) because the court had awarded her sufficient property to provide for

her reasonable needs and she was able to support herself through appropriate employment.

¶ 20    Wife received $900,985.71 in the division of marital property, which husband argues was enough to meet her basic needs. But wife isn't required to deplete her share of the marital property in order to be entitled to maintenance. *In re Marriage of Bartolo*, 971 P.2d 699, 702 (Colo. App. 1998) (receipt of a balancing payment can't be viewed as a substitute for maintenance).

¶ 21    He also argues that wife was able to earn more than $16 an hour because she earned $46,000 annually (about $22 per hour) when she left the workforce three years prior. But he cites no authority to support his position. Wife testified that she had worked several years before reaching a managerial position where she made $46,000 a year before leaving the workforce. She further testified that she didn't believe she would make that amount if entering the workforce today. The district court credited wife's testimony. Again, we cannot reweigh this evidence on appeal. *In re Marriage of Thorburn*, 2022 COA 80, ¶ 49 (it is for the district court, not the reviewing court, to determine the witnesses' credibility and the weight of the evidence).

¶ 22    Husband also argues that the income the court imputed to wife, "would meet all but $125.00 of wife's monthly financial needs" and that she could supplement the shortfall with earnings from her chocolate business. But under husband's proposal wife would have to work full time *in addition to* running the chocolate business just to meet her minimum expenses, and it overlooks the fact that the chocolate business had never turned a profit. Moreover, the court found that, in addition to being unable to meet her monthly expenses, wife had little retirement savings and no life insurance. *See In re Marriage of Yates*, 148 P.3d 304, 313 (Colo. App. 2006) ("A maintenance award is not limited to satisfying a spouse's basic or survival needs.").

¶ 23    Husband contends that the amount of maintenance was unfair and inequitable because it far exceeded his annual salary of $75,911.60. But, as discussed, the court found that husband's income included his annual salary and substantial profit sharing and dividends.

¶ 24    Husband also asserts that the court erred when it set the term for maintenance because it didn't receive information about maintenance amounts he paid prior to temporary orders. And he

claims it was error for the court not to "credit" him for the fifteen months he made temporary maintenance payments.

¶ 25 The court found that husband paid temporary maintenance before temporary orders required it, but that the amount and length of the payments were not disclosed to the court. This finding is supported by husband's testimony that prior to temporary orders he "was giving [wife] 1,000, 1,500. There were some months I paid her 3,000 . . . ." Accordingly, we can't agree that the court erred when it found husband didn't provide a specific amount or length of time he paid before temporary maintenance was ordered.

¶ 26 As for awarding "credit" for the time husband paid temporary maintenance, although section 14-10-114(3)(c)(VII) provides that a court shall consider the amount of temporary maintenance and the number of months it was paid, he provides no authority, nor are we aware of any, that requires a court to discount the maintenance term for the number of months that temporary maintenance was paid.

¶ 27 Notably, husband testified that he made a significant amount in income and that wife worked until three years prior to the petition for dissolution. Husband's income, even when wife worked,

vastly outweighed wife's income and, although they each received equal division of the marital home, vehicles, and other property, husband retained his business, and wife had no life insurance and little retirement savings.

¶ 28    In sum, the court considered the totality of the circumstances, including many of those highlighted by husband, and concluded that $2,759.31 for nine years and eleven months was a fair and equitable maintenance amount and term.

¶ 29    Because the record supports the court's findings, we won't disturb its determination.  *See In re Marriage of Atencio*, 47 P.3d 718, 722 (Colo. App. 2002) (providing that we will not disturb a court's maintenance determination when the record supports it); *see also In re Marriage of Evans*, 2021 COA 141, ¶ 45 ("We are not at liberty to re-evaluate the conflicting evidence and set aside [the court's] findings supported by the record.").

## III.    Appellate Attorney Fees

¶ 30    Wife requests an award of appellate attorney fees under section 13-17-102, C.R.S. 2024, arguing that husband's appeal lacks substantial justification.  We deny this request.  Although husband didn't prevail, his appeal was not so lacking in substantial

justification as to warrant an award of attorney fees. *See In re Marriage of Boettcher*, 2018 COA 34, ¶ 38 ("Fees should be awarded only in clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the purpose of harassment or delay."), *aff'd*, 2019 CO 81.

¶ 31    Wife also asks for her appellate attorney fees pursuant to section 14-10-119, C.R.S. 2024, due to the substantial disparity in the parties' incomes. Because the district court is better equipped to determine the parties' relevant financial resources, we remand the case for the district court to consider wife's request. *See In re Marriage of Collins*, 2023 COA 116M, ¶ 86.

## IV.    Disposition

¶ 32    We affirm the judgment and remand for the resolution of wife's request for attorney fees under section 14-10-119.

JUDGE KUHN and JUDGE SCHUTZ concur.